OPINION *Page 2 
{¶ 1} Appellant appeals the trial court's denial of his motion for a grand jury investigation and dismissal of his underlying action. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} In the case sub judice, appellant filed a pro se motion to request a grand jury investigation in the Guernsey County Court of Common Pleas. The pro se motion requested that the court order a grand jury investigation into what appellant alleges to have been the fraudulent preparation and signature of his deceased father's will.
 {¶ 3} It appears from the trial court pleadings, that appellant, John Westfall, has pursued this request for a criminal investigation into the preparation of his father's will in at least five separate actions.
 {¶ 4} In appellant's first action, the Guernsey County Court of Common Pleas ruled, on November 3, 2003, that appellant's criminal complaint motion "should be rejected by the clerk of courts and returned to the Plaintiff for filing in any court inferior to the Court of Common Pleas if he so chooses."
 {¶ 5} In appellant's second action, on January 16, 2004, the Guernsey County Common Pleas Court by "Special Journal" Entry, issued a final appealable order on appellant's motion for a special prosecuting attorney, in which the court stated as follows: "The Court finds (based upon the opening statements) that the Plaintiff is alleging forgery in the preparation of his Father's will that was never filed for probate. According to the opening statement of plaintiff, no investigation of any crime has been conducted by law enforcement. According to the opening statement of the Prosecuting Attorney, he has met and discussed the issues with Mr. Westfall, and Mr. Westfall has *Page 3 
filed matters with the Cambridge Municipal Court, with this Court, with the Court of Appeals and with the Supreme Court of Ohio." Based upon the state of the record, the court found no basis for the appointment of a special prosecuting attorney and the matter was dismissed.
 {¶ 6} In appellant's third action, on March 12, 2004, in Westfall v.Plummer, et al., Guernsey County Court of Common Pleas, Case No. 04-SJ-01, the court dismissed appellant's motion to file a criminal complaint. In the judgment entry the trial court stated as follows: "The Court finds that Plaintiff has not complied with the Rules of Civil Procedure by filing his motion for criminal complaint and the matter should be and hereby is dismissed. Plaintiff previously filed a motion for a Special Prosecutor related to these same issues which was heard and denied by this Court on January 16, 2004. A Final Appealable Order issued the same date. No notice of appeal of that entry was filed. The Court also takes judicial notice that Case No. 02-CV-182 which had the same factual basis as the currently pending matter was dismissed by entry of August 20, 2003.[1] Pursuant to the foregoing, the doctrine of res judicata applies such that the matter cannot be relitigated. The matter further has been to the Supreme Court of Ohio in Case #03-997. The Court declined to hear the case."[2]
 {¶ 7} In appellant's fourth action, on May 3, 2005, in Westfall v.Plummer, et. al., Cambridge Municipal Court Case No. 04MSX00001, the Cambridge Municipal Court *Page 4 
granted a request for a special prosecuting attorney to investigate appellant's criminal allegations pursuant to R.C.2935.10.[3] The trial court further stated, "[i]t has been a rare occurrence during this Judge's tenure in office for private citizens to file criminal complaints in Municipal Court. Without fail, such types of complaints have been referred to the Prosecuting Attorney's Office for determination of probable cause. The clear logic contained in Revised Code Section 2935.10, is that no felony can be prosecuted except by a Prosecuting Attorney or his staff." On June 20, 2005, a special prosecutor was appointed by the court.
 {¶ 8} On February 13, 2005, the special prosecutor filed a letter in which he stated: "Please be advised that I shall not be seeking criminal charges in [Case No. 04MSX00001]. Upon lengthy review of all the evidence, there is not sufficient credible evidence to pursue criminal charges. This office has met with John Westfall concerning his complaint and has met with Attorney Keith Plummer.
 {¶ 9} "Documents obtained from Mr. Westfall were forwarded to BCI I for handwriting analysis. Said analysis was completed on January 30, 2006. BCI I analysis provided no basis for forgery charges against any party. I am further convinced that probable cause does not exist for any other criminal charges as it relates to John Westfall's concerns. It would appear that many of these concerns are civil in nature."
 {¶ 10} Thereafter, on February 23, 2006, the trial court issued a judgment entry on appellant's request for a criminal complaint. In the entry, the court stated that in *Page 5 
accordance with R.C. 2935.10, appellant's request for a criminal complaint had been submitted to a special prosecuting attorney for a probable cause determination. The court further stated that the special prosecuting attorney reviewed the matter and "after a lengthy review of all evidence" did not find "sufficient credible evidence to pursue criminal charges." The trial court further held that based on the special prosecutor's findings, the court would not accept appellant's filing for criminal charges for lack of probable cause. The trial court further noted that the special prosecutor's examination established that "many of these concerns are civil in nature."[4]
 {¶ 11} In appellant's fifth action, and the matter presently before this Court, on February 15, 2007, appellant filed a motion for a grand jury investigation in the Guernsey County Court of Common Pleas. The matter was scheduled for a non-oral hearing on April 16, 2007. On April 23, 2007, the court denied appellant's request for a grand jury investigation and dismissed the case.
 {¶ 12} It is from the judgment entered on April 23, 2007, by the Guernsey County Court of Common Pleas, that appellant now seeks to appeal.
 {¶ 13} In support of his appeal, appellant filed a "Brief" which fails to comply with App. R. 16 (A)(1)-(7). Appellant failed to specifically set forth any assignment of error. However, it appears that appellant argues that the trial court abused its discretion in denying his request for a grand jury investigation. In opposition, appellee argues that there is no right in law for a private citizen to request a grand jury investigation. Appellee *Page 6 
further argues that appellant is barred from pursuing this appeal by the doctrine of res judicata.
 {¶ 14} "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. "When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621, 614 N.E.2d 748.
 {¶ 15} R.C. 2935.09 sets forth the procedure that a private citizen must follow in order to pursue a criminal action committed in the State of Ohio. R.C. 2935.09 states in pertinent part as follows:
 {¶ 16} "(A) As used in this section, `reviewing official' means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.
 {¶ 17} "(B) In all cases not provided by sections 2935.02 to 2935.08
of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer or a private citizen having knowledge of the facts shall comply with this section.
 {¶ 18} "(C) A peace officer who seeks to cause an arrest or prosecution under this section may file with a reviewing official or the clerk of a court of record an affidavit charging the offense committed.
 {¶ 19} "(D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint *Page 7 
should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume."
 {¶ 20} R.C. 2935.10, as previously set forth in footnote 1, states in pertinent part as follows: "Upon the filing of an affidavit or complaint as provided by Section 2935.09 of the Revised Code, if a charge is the commission of a felony, such Judge, Clerk, or Magistrate, unless he has reason to believe that it was not filed in good faith, or the claim was not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit and direct it to a peace officer; otherwise he shall forthwith refer the matter to the Prosecuting Attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."
 {¶ 21} "Res judicata is a doctrine of judicial preclusion. It states that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"Grava v. Parkman (1995), 73 Ohio St. 3d 379, 1995-Ohio-331,653 N.E.2d 226, paragraph one of syllabus.
 {¶ 22} In this case, appellant has pursued an action for criminal charges based upon the same facts in five different manners. Appellant pursued a private citizen's felony complaint in the Cambridge Municipal Court in, Westfall v. Plummer, et. al., *Page 8 
Cambridge Municipal Court Case No. 04MSX00001, pursuant to the requirements of R.C. 2935.09 which resulted in a finding that no probable cause existed for criminal charges. In that case the special prosecutor assigned to investigate the allegations of criminal fraud determined that probable cause did not exist to pursue any criminal charges. As a result the trial court denied appellant's request, as a private citizen, to file a criminal complaint because there was a lack of probable cause. It does not appear that appellant appealed this decision filed on February 26, 2006. The trial court's decision inWestfall v. Plummer, et. al., Cambridge Municipal Court Case No. 04MSX00001, precludes any further action regarding probable cause for a criminal charge pursuant to the doctrine of res judicata to the extent such probable cause determination was made on the evidence available to the prosecutor who did the investigation.
 {¶ 23} In addition, the Motion filed by appellant in the case sub judice "urges the court to grant an investigation" into appellant's allegations. It appears that appellant is requesting the court to order a Grand Jury investigation. R.C. 2939.10 sets forth who may have access to the grand jury. R.C. 2939.10 states in pertinent part that "[t]he prosecuting attorney or assistant prosecuting attorney may at all times appear before the grand jury to give information relative to a matter cognizable by it, or advice upon a legal matter when required." A private citizen has no right to present evidence before a grand jury.Walton v. Judge (1992), 64 Ohio St. 3d 564, 664 N.E.2d 1340.
 {¶ 24} Therefore, we find that appellant's motion is actually requesting that the trial court order the prosecutor to present this matter to the Grand Jury. But, appellant labels his pleading to be a "motion" and not a request for a writ. *Page 9 
 {¶ 25} Even if we were to find that appellant's motion complied with the technical requirements of a writ, we find that the trial court committed no error in denying the writ. As set forth in the case ofGosney v. Board of Elections, Columbiana App. No. 88-C-54, (March 30, 1989), unreported, the prosecutor exercises a discretionary function when the prosecutor makes a decision of whether or not to submit evidence to a grand jury. Gosney further states that where the performance of a duty is not mandatory but discretionary, a writ will not issue. The Gosney court also found that it would violate the constitutional separation of powers to allow the judicial branch to interfere with the "free exercise of a discretionary power of the executive branch."
 {¶ 26} For these reasons, the trial court did not abuse its discretion nor make an error of law in denying and dismissing appellant's request for a grand jury investigation. Accordingly, appellant's appeal is not well taken and is hereby overruled.
 {¶ 27} The judgment of the Guernsey County Court of Common Pleas is hereby affirmed.
 By: Edwards, J. Farmer, P.J. and Wise, J. concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Pursuant to the Guernsey County Clerk's docket the correct date of the judgment entry is August 20, 2002.
[2] The court notes that on April 19, 2002, in Guernsey County Common Pleas Court Case Number 02CV00182, appellant filed suit against James Granitsas for libel and slander, regarding facts about appellant father's will. On August 20, 2002, the trial court granted a Civ. R. 12(B)(6) dismissal of appellant's complaint. Appellant filed an appeal of the Civ. R. 12(B)(6) dismissal before this Court inWestfall v. Granitsas, Guernsey App. No. 02CA19, 2003-Ohio-2122. The appellate court affirmed the trial court on April 25, 2003. The appellant subsequently filed a Notice of Appeal in the Ohio Supreme Court in Case Number 03-997. The Supreme Court declined jurisdiction on September 10, 2003.
[3] "Upon the filing of an affidavit or complaint as provided by Section 2935.09 of the Revised Code, if a charge is the commission of a felony, such Judge, Clerk, or Magistrate, unless he has reason to believe that it was not filed in good faith, or the claim was not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit and direct it to a peace officer; otherwise he shall forthwith refer the matter to the Prosecuting Attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant." R.C. 2935.10(A).
[4] Appellant, in his Motion to Request Grand Jury Investigation in the case sub judice acknowledges that the same facts formed the basis of his complaint in case 4MSX00001 as form the basis of his motion in the case sub judice. Appellant states: "Now comes John T. Westfall, who after exhausting civil means action — Supreme Court of Ohio, Case No. 03-997, dated 9-10-03 and Cambridge Municipal Court, Case No. 04-MSX 1, dated 2-03-06, files this request for a Grand Jury Investigation into the following: 1) The will of Dean P. Westfall, 2) Fax transmittal from Dean Westfall to Keith Plummer, 3) The Quit-Claim Deed of Westfall's home." *Page 1