**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Nusbaum,* Slip Opinion No. 2017-Ohio-9141.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9141

THE STATE EX REL. BROWN, APPELLANT, *v.* NUSBAUM, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Nusbaum,* Slip Opinion No. 2017-Ohio-9141.]

*Mandamus—R.C. 2935.09—Affidavit charging criminal conduct and seeking issuance of warrants—Mandamus does not lie to compel trial court to issue final, appealable order subsequent to its referral of affidavit to prosecutor for investigation.*

(No. 2017-0485—Submitted September 12, 2017—Decided December 21, 2017.)

APPEAL from the Court of Appeals for Ross County,

No. 16CA3572.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Fourth District Court of Appeals dismissing the petition of appellant, Steven S. Brown, for a writ of mandamus.

**Background**

{¶ 2} In September 2014, Brown filed a demand and a supporting affidavit in the Ross County Common Pleas Court under R.C. 2935.09. He sought the issuance of criminal warrants against numerous employees of Aramark Correctional Services, Inc., the Ohio Department of Rehabilitation and Correction, and the Ohio attorney general. *See Brown v. Mohr*, Ross C.P. No. 14CI000390.

{¶ 3} In January 2015, appellee, Judge Scott W. Nusbaum, issued an entry referring Brown's affidavit to the Ross County prosecuting attorney for investigation. The prosecutor refused to investigate and did not bring criminal charges.

{¶ 4} In August 2016, Brown moved the trial court to enter a final order in the R.C. 2935.09 proceeding, so that he could file an appeal. The trial court denied the motion and Brown's subsequent motion for reconsideration.

{¶ 5} In October 2016, Brown filed a complaint for a writ of mandamus in the Fourth District Court of Appeals, seeking an order to compel Judge Nusbaum to issue a final, appealable order in the R.C. 2935.09 proceeding so that Brown can pursue an appeal. The appeals court granted Judge Nusbaum's motion to dismiss under Civ.R. 12(B)(6).

{¶ 6} Brown's appeal and Judge Nusbaum's unopposed motion to strike Brown's merit brief are now before this court.

**Analysis**

*Motion to Strike*

{¶ 7} Although Brown attached a certificate of service to the handwritten merit brief he filed with this court, Judge Nusbaum contends that Brown served him with a different, typewritten document, also captioned as a merit brief. Judge Nusbaum discovered the discrepancy on the court's docket before filing his own merit brief, and he alleges that he incurred substantial legal expense in revising his brief before filing.

2

**{¶ 8}** The judge objects to Brown's noncompliance not only with S.Ct.Prac.R. 3.11(B) (requiring service of briefs on all parties) but with S.Ct.Prac.R. 16.02 (requiring that arguments in an appellant's brief be presented as propositions of law). But this court is reluctant to strike a brief solely because it fails to frame arguments as propositions of law. And when confronted with failure of service, we have regularly denied motions to strike and instead allowed the moving party additional time to file. *See, e.g., State ex rel. Meigs Cty. Home Rule Commt. v. Meigs Cty. Bd. of Commrs.*, 145 Ohio St.3d 1404, 2016-Ohio-804, 46 N.E.3d 699; *State ex rel. McGrath v. McClelland*, 132 Ohio St.3d 1493, 2012-Ohio-3590, 972 N.E.2d 604.

**{¶ 9}** Here, Judge Nusbaum discovered the service error before timely submitting his own merit brief. And his claim to have incurred significant legal expense appears questionable in light of the similarities between Brown's two briefs. While it is true that there are noticeable differences between the briefs, they both raise the same legal arguments and largely track each other. Under these circumstances, we deny the motion to strike.

*Dismissal under Civ.R. 12(B)(6)*

**{¶ 10}** This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St. 3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. In doing so, we must presume the truth of all factual allegations in the complaint and draw all reasonable inferences in the nonmoving party's favor. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We will affirm a lower court's judgment granting the motion "only when there is no set of facts under which the nonmoving party could recover." *Ohio Civ. Serv. Emps. Assn.* at ¶ 12.

**{¶ 11}** To prevail in his mandamus action, Brown must establish by clear and convincing evidence (1) that he has a clear legal right to the requested relief, (2) that Judge Nusbaum has a clear legal duty to provide it, and (3) that Brown lacks

an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. "[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. Here, the main issue before us is whether Judge Nusbaum had a clear legal duty to issue a final order dismissing Brown's R.C. 2935.09 proceeding.

**{¶ 12}** A trial court's obligations with regard to citizen affidavits are defined by R.C. 2935.09 and 2935.10. R.C. 2935.09(D) authorizes a private citizen "who seeks to cause an arrest or prosecution" to "file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney." We read this section in pari materia with R.C. 2935.10, which "prescribes the procedure to be followed once a citizen files a criminal complaint" under R.C. 2935.09. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 15. If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) "issue a warrant for the arrest of the person charged in the affidavit" or (2) "refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant" if the judge "has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious." R.C. 2935.10(A); *see State ex rel. Boylen v. Harmon,* 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 7.

**{¶ 13}** Here, Judge Nusbaum chose the second option, issuing an entry that referred the matter to the prosecutor for investigation. Once he did so, his duty under R.C. 2935.10 was extinguished. The statute does not contemplate a judge's subsequent review of the prosecutor's investigation or decision whether to prosecute. Nor does it require a judge to issue a final order of dismissal if a prosecutor decides not to prosecute.

**{¶ 14}** In an effort to identify other sources of Judge Nusbaum's legal duty to enter a final order, Brown invokes case law. First, he cites numerous cases stating that "[a] prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion." *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996). But none of these cases require a trial court to review a prosecutor's ultimate decision on matters referred under R.C. 2935.10. Instead, they identify the legal standard that applies in an entirely different context—namely, when a writ of mandamus is sought to compel a prosecutor to investigate alleged misconduct. *See, e.g., id.*; *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368, 632 N.E.2d 883 (1994); *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46, 47, 516 N.E.2d 234 (1987). Brown is not seeking to compel the prosecutor to investigate or to prosecute. He is seeking to compel the trial court to issue a final order. In any event, these cases confirm that the decision not to prosecute is "*not* generally subject to judiciary review." (Emphasis added.) *Master* at 27.

**{¶ 15}** Brown also cites two cases in which the Fifth District Court of Appeals reviewed trial-court decisions regarding failure to prosecute a matter referred under R.C. 2935.10 for an abuse of discretion. In one case, the trial court (apparently acting sua sponte) conducted a probable-cause hearing after the prosecutor declined to prosecute. The court then entered an order declining to find probable cause. *In re Charging Affidavit of Demis*, 5th Dist. Stark No. 2013 CA 00098, 2013-Ohio-5520. And in the other, the trial court denied a motion for a probable-cause hearing after the prosecutor declined to prosecute. *In re Slayman*, 5th Dist. Licking No. 08CA70, 2008-Ohio-6713. In each case, the court of appeals held that the trial court did not abuse its discretion. But neither case establishes a trial court's legal duty to conduct a probable-cause hearing or otherwise review a prosecutor's decision not to prosecute a matter referred under R.C. 2935.10. And

in any event, the relevance of these cases is not clear, as Brown is not seeking a probable-cause hearing or other review of the prosecutor's decision.

{¶ 16} Brown also fails to identify any source of a trial court's duty to issue a final, appealable order after a prosecutor decides not to prosecute. To the contrary, a "prosecutor's decision not to file a complaint is not a final, appealable order of the trial court, and the trial court cannot be compelled to enter such a final order." *Leavell v. Wilson*, 6th Dist. Erie No. E-17-012, 2017-Ohio-1275, ¶ 14; *see also Master*, 75 Ohio St.3d at 27, 661 N.E.2d 180 (the decision not to prosecute is "not generally subject to judicial review").

{¶ 17} Because Brown cannot establish that Judge Nusbaum had a clear legal duty to issue a final, appealable order, we affirm the court of appeals' judgment dismissing Brown's mandamus action.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Steven S. Brown, pro se.

Benson & Sesser, L.L.C., and Mark A. Preston, for appellee.

_____

6