**[Cite as *State v. L.F.*, 2020-Ohio-968.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. CA2019-02-017 |
| v. | : | |
| L.F., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee, | : | |
| [Christopher Hicks, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on March 16, 2020

**On brief:** *Brafford & Rivello*, and *Suellen M. Bradfford*, for appellant Christopher Hicks.

**On brief:** *Strauss Troy Co., LPA*, and *Christopher R. McDowell* and *Jeffrey A. Levine*, for appellee L.F.

**On brief:** *Dave Yost*, Attorney General, and *Brad L. Tammaro*, for appellee State of Ohio.

APPEAL from the Clermont County Municipal Court
Case No. 1018-PC-00002

KLATT, J.

{¶ 1} Appellant, Christopher Hicks, appeals judgments of the Clermont County Municipal Court that denied him access to certain court documents and denied his motion

to schedule a hearing to hold the special prosecutor in contempt of court. For the following reasons, we affirm the judgments of the trial court.

{¶ 2} On March 20, 2018, Hicks filed with the Clerk of Courts for the Clermont County Municipal Court ("clerk") an affidavit stating that there was reasonable cause to believe that appellee, L.F., a Clermont County public official, had committed a felony and a misdemeanor by employing her stepson in the office she oversaw. The affidavit requested the immediate arrest and prosecution of Fraley for those alleged violations of the law.

{¶ 3} The clerk forwarded the affidavit to the trial court. However, all the judges of the Clermont County Municipal Court recused themselves from the matter, requiring the Supreme Court of Ohio to appoint a visiting judge to review the affidavit. The visiting judge scheduled a probable cause hearing regarding the allegations contained in the affidavit. Prior to the hearing, the Clermont County Prosecutor requested that the court recuse him from the case and appoint the Ohio Attorney General as special counsel. The trial court granted the Clermont County Prosecutor's request.

{¶ 4} At the probable cause hearing, the trial court heard from the special prosecutor, Hicks, and Fraley. Apparently, during the hearing, the special prosecutor entered into the record two documents: (1) an August 5, 2004 letter from the Clermont County Prosecutor to Fraley, and (2) a March 9, 2018 letter from the Ohio Ethics Commission to Hicks.[1] At the conclusion of the hearing, the trial court issued an entry, dated April 5, 2018, that found no probable cause to support a criminal complaint against Fraley and dismissed Hicks' affidavit.

{¶ 5} Hicks appealed the April 5, 2018 judgment to this court. We concluded that the trial court erred in dismissing the affidavit, and we remanded the matter to the trial court so it could follow the mandate of R.C. 2935.10(A) and refer the matter to the special

---

[1] We preference this sentence with the word "apparently" because Fraley disputes that the special prosecutor introduced the August 5, 2004 letter into evidence at the probable cause hearing. We are unable to resolve this dispute given Hicks' failure to file a transcript of the hearing in the trial court. Hicks attached a transcript to his brief, and Hicks, Fraley, and the special prosecutor cite to that transcript in their appellate briefing. Appellate courts, however, "cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Because the trial court did not have the benefit of the transcript, we cannot consider it in this appeal. Instead, we rely on the events as recorded in the case documents to recount the proceedings that occurred before the trial court.

prosecutor for investigation. *Hicks v. State*, 12th Dist. No. CA2018-04-022, 2018-Ohio-5298, ¶ 11-12.

{¶ 6} Immediately upon entry of our judgment, Hicks moved in the trial court for an order requiring the special prosecutor to file the two documents he had entered into the record during the probable cause hearing. The trial court granted Hicks' motion. On January 7, 2019, the trial court issued an entry ordering the special prosecutor "to produce for the Court's public record" the August 5, 2004 and March 9, 2018 letters and provide the documents "to each participating party." (Jan. 7, 2019 Entry Ordering Produc. of Exs.)

{¶ 7} On January 25, 2019, the special prosecutor submitted the August 5, 2004 and March 9, 2018 letters to the clerk for addition to the court record, but he purported to file the documents under seal. In a contemporaneous filing, the special prosecutor informed the trial court that he sought to restrict access to the documents because the August 5, 2004 letter contained "advice received by an individual in the course of [her] duties from [her] legal counsel." (Jan. 25, 2019 Submission of Docs.) The special prosecutor also advised the court that he had only furnished the documents to the court and Fraley. The special prosecutor explained that, "[a]s this action has progressed to an investigative phase, the State understands the 'participating parties' to include the State and the individual that is the subject of the investigation." *Id.* Under the special prosecutor's interpretation of the trial court's order, therefore, the special prosecutor believed he owed copies of the documents to Fraley, but not Hicks.

{¶ 8} Hicks responded by moving for unrestricted access to the documents and requesting that the trial court schedule a hearing to hold the special prosecutor in contempt of court. In these motions, Hicks maintained that he was a "participating party," and thus the special prosecutor disobeyed the January 7, 2019 entry by not providing him with copies of the August 5, 2004 and March 9, 2018 letters. Hicks also argued that the special prosecutor had violated Loc.R. 10(b) of the Clermont County Municipal Court, which requires parties to prepare "[a]ll evidence of a tangible nature" in "numbers sufficient to provide one copy each for the Court, the witness and each party." Finally, in moving for unrestricted access to the documents, Hicks contended that he was entitled to the documents under Sup.R. 45, which provides for public access to court records.

{¶ 9} The special prosecutor opposed both motions. The special prosecutor contested Hicks' claim that he was a party, and he asserted that the attorney-client privilege protected the August 5, 2004 letter from public disclosure. In an entry filed February 7, 2019, the trial court denied both of Hicks' motions.

{¶ 10} On February 12, 2019, the special prosecutor filed a motion seeking a court order sealing the documents. Hicks responded by filing a motion against sealing the documents. The trial court granted the special prosecutor's motion. In an entry dated February 14, 2019, the trial court sealed the documents as attorney-client privileged materials. Also, on February 14, 2019, the trial court issued a second entry that referred the matter raised in Hicks' affidavit to the special prosecutor for investigation.

{¶ 11} Hicks now appeals the February 7, 2019 judgment and the February 14, 2019 judgment that sealed the documents, and he assigns the following errors:

> [1.] THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SCHEDULE A HEARING TO HOLD THE SPECIAL PROSECUTOR IN CONTEMPT OF COURT.
>
> [2.] THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR UNRESTRICTED ACCESS FOR ALL EXHIBITS AND CONVERSELY BY GRANTING APPELLEE OHIO ATTORNEY GENERAL'S MOTION TO SEAL SAID EXHIBITS.

{¶ 12} Both of Hicks' assignments of error fail for the same reason: he was not a party to the matter below and had no authority to make any filings in the trial court beyond his affidavit.

{¶ 13} This matter came before the trial court because Hicks submitted an affidavit to the clerk under the auspices of R.C. 2935.09(D). That statutory provision authorizes a private citizen "who seeks to cause an arrest or prosecution" to "file an affidavit charging [an] offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate." R.C. 2935.09(D). Courts read R.C. 2935.09(D) in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files an affidavit charging an offense. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12. Pursuant to R.C. 2935.10(A), if the

affidavit under R.C. 2935.09(D) charges a felony, a judge reviewing the affidavit may take one of two actions:  (1) "issue a warrant for the arrest of the person charged in the affidavit" or (2) "refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation" if the judge "has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious."  R.C. 2935.10(A); *Brown* at ¶ 12.  In this case, the judge chose the latter option and referred the matter to the special prosecutor for investigation.

{¶ 14} Notably, R.C. 2935.09 and 2935.10 only permit a private citizen to file an affidavit charging an offense.  Nothing in R.C. 2935.09 or 2935.10 contemplates the affiant's further participation in the proceedings.  Nothing in R.C. 2935.09 or 2935.10 endows the affiant with party status.  Indeed, giving the affiant party status would contravene Ohio criminal law.  The only parties to a criminal case are the state and the defendant.  *State v. Roach*, 6th Dist. No. L-16-1303, 2017-Ohio-8511, ¶ 13; *Grubb v. Buehrer*, 10th Dist. No. 15AP-576, 2016-Ohio-4645, ¶ 20; *State v. Stechschulte*, 11th Dist. No. 2013-L-027, 2014-Ohio-4291, ¶ 17; *State v. Godfrey*, 3d Dist. No. 16-12-06, 2013-Ohio-3396, ¶ 16.  And without party status, a person generally lacks standing to make filings before the trial court.  *See Roach* at ¶ 13 (holding that a non-party did not possess the requisite standing to make a motion in a criminal case regarding restitution); *Stechschulte* at ¶ 16, 18 (holding that a non-party did not have standing to move the court in a criminal case with respect to restitution); *Godfrey* at ¶ 16-17 (holding that a non-party did not "have standing to participate in the actual prosecution of the case," and finding the trial court erred in allowing the non-party's attorney to file a memorandum in opposition to the defendant's motion for a new trial and argue the brief before the court).

{¶ 15} Hicks argues that he must be a party because he previously appealed in this case.  Although generally only parties may appeal, in certain instances, a non-party may have the necessary interest in the underlying proceeding to appeal.  *Thomas v. Wright State Univ. School of Med.*, 10th Dist. No. 12AP-839, 2013-Ohio-3338, ¶ 13-14.  Ohio courts permit affiants to appeal errors in the R.C. 2935.10 process because they, as the impetus behind the process, have an interest in ensuring reviewing officials properly apply the statute.  Condoning appeals, however, does not convert the affiants into parties in the underlying proceedings.

{¶ 16} In short, R.C. 2935.09 gave Hicks a mechanism by which he could bring his belief that Fraley violated the law before a reviewing official and, at the very least, obtain investigation into his allegations. The statutory language, however, granted Hicks no further latitude beyond that. Because Hicks did not become a party to any proceeding before the court, he lacked any ability to file motions or respond to the state's motions. Therefore, the trial court did not err in denying any motion Hicks filed.

{¶ 17} Moreover, to the extent Hicks challenges the denial of access to the documents as a violation of Sup.R. 45, he must seek his remedy through a writ of mandamus, not an appeal. Hicks maintains that the August 5, 2004 and March 9, 2018 letters are court records. Under Sup.R. 45(A), "[c]ourt records are presumed open to public access." Here, Hicks requested access to the documents under Sup.R. 45 but was denied access.

{¶ 18} "A person who is denied access to court records has a specific remedy." *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 13. According to Sup.R. 47(B), "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." Therefore, a person aggrieved by a decision of a court to restrict access to court records must challenge that decision by pursuing an original action in mandamus, not by filing an appeal. *State v. Helfrich*, 5th Dist. No. 18-CA-45, 2019-Ohio-1785, ¶ 105-06; *N.L. v. A.M.*, 6th Dist. No. L-10-1307, 2010-Ohio-5834, ¶ 8-9. Hicks' appeal also fails for that reason.

{¶ 19} For the foregoing reasons, we overrule both of Hicks' assignments of error, and we affirm the judgments of the Clermont County Municipal Court.

*Judgments affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

KLATT, J., SADLER, P.J., and LUPER SCHUSTER, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.