[Cite as *Arnoff v. State*, 2021-Ohio-883.]

STATE OF OHIO      )               IN THE COURT OF APPEALS
                       )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN   )

BRUCE ARNOFF

    Appellant                         C.A. No.     20CA011681

    v.

STATE OF OHIO                       ORIGINAL ACTION

    Appellee

Dated: March 22, 2021

---

PER CURIAM.

{¶1} Bruce Arnoff has filed a document captioned "Writ of Certiorari" with the clerk for the Ninth District Court of Appeals. In his complaint, he alleges that he has filed this "original Motion to correct the Manifest Injustice and Abuse of Discretion imposed by the Lorain County Courts." For the following reasons, we dismiss the petition sua sponte.

{¶2} Sua sponte dismissal of a case, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *See, e.g.*, *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. Mr. Arnoff cannot prevail on the facts alleged in his petition because he has not asserted a claim for a writ over which this Court has jurisdiction.

{¶3} The Ohio Constitution vests the courts of appeals with original jurisdiction and appellate jurisdiction. The Constitution specifically limits the appellate courts' original jurisdiction to specific enumerated writs. Appellate jurisdiction, on the other hand, is limited as provided by law.

{¶4}     The Ohio Constitution vests the courts of appeals with original jurisdiction over five writs:  "(a) Quo warranto; (b) Mandamus; (c) Habeas corpus; (d) Prohibition; [and] (e) Procedendo."  Ohio Const., Art. IV, Section 3(B)(1)(a)-(e).  Mr. Arnoff has attempted to invoke this Court's jurisdiction to consider a Writ of Certiorari.  The Ohio Constitution has not granted jurisdiction to the Ohio courts of appeals to consider Writs of Certiorari.  Because this Court lacks jurisdiction to consider this writ, this Court must dismiss this action.

{¶5}     The Ohio Constitution also vests the courts of appeals with appellate jurisdiction. That jurisdiction is provided by law.  In the body of his petition, Mr. Arnoff referred to this Court's authority to review trial court judgments.  For example, he cited to Section 3(B)(2) of Article IV, Ohio Constitution; this provision states that appellate courts have jurisdiction to review, modify, or reverse a "final order."  An appellate court's authority to review a trial court judgment is invoked by filing a notice of appeal, a step Mr. Arnoff did not take in this case.  Mr. Arnoff did not comply with any requirements to invoke this Court's appellate jurisdiction and, therefore, this Court cannot consider his arguments related to the validity of his guilty plea.

{¶6}     Mr. Arnoff attempted to invoke this Court's original jurisdiction by filing a petition for Writ of Certiorari.  This Court lacks jurisdiction to consider this writ, so this case must be dismissed.

{¶7}     This case is dismissed.  Costs are taxed to Mr. Arnoff.

**{¶8}** The clerk of courts is hereby directed to serve upon all parties not in default notice

of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRUCE ARNOFF, Pro se, Petitioner.