[Cite as *In re Affidavit by Accusation*, 2021-Ohio-4503.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| IN RE: AFFIDAVIT BY ACCUSATION AND CRIMINAL COMPLAINT PURSUANT TO R.C. 2935.09, 2935.10 AND CRIMINAL RULE 3 | : : : : : : : : : : : | Appellate Case No. 2021-CA-14 Trial Court Case No. 2019-MS-0018 (Civil Appeal from Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

PIERRE R. TAYLOR, Inmate No. 742-659, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Pierre R. Taylor appeals from the trial court's April 30, 2021 judgment entry declining to act on his most recent "Accusation and Criminal Complaint," which sought the initiation of criminal charges against his former wife.

{¶ 2} In his sole assignment of error, Taylor contends the trial court erred, and violated his state and federal statutory and constitutional rights, by failing to issue a warrant for his former wife's arrest or to refer the matter to the county prosecutor for investigation.

{¶ 3} The present action represents at least the second direct attempt by Taylor to initiate criminal proceedings against his former wife. The trial court correctly held that res judicata precludes serial attempts by Taylor to initiate felony charges via affidavit and that it had no obligation to take any action to initiate a misdemeanor prosecution. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 4} A jury convicted Taylor in 2018 on charges including aggravated burglary, domestic violence, aggravated menacing, assault, and having a weapon while under disability. The convictions were based in part on the testimony of Taylor's ex-wife. This court affirmed on direct appeal. *State v. Taylor*, 2d Dist. Greene No. 2018-CA-9, 2019-Ohio-142.

{¶ 5} Taylor subsequently filed multiple post-conviction motions. He also filed a June 2018 "Affidavit by Accusation and Criminal Complaint" seeking to have criminal charges brought against his ex-wife for perjury, evidence tampering, obstructing justice, obstructing official business, and interfering with his civil rights. The following month,

Taylor filed an amended affidavit and criminal complaint. Taylor sought charges based on his ex-wife's actions and testimony in connection with his criminal prosecution. Exercising its authority under R.C. 2935.09 and R.C. 2935.10, the trial court declined to issue an arrest warrant for Taylor's ex-wife and instead referred the matter to the prosecutor's office. After conducting an investigation, the prosecutor's office declined to pursue any charges against Taylor's ex-wife.[1]

{¶ 6} On October 15, 2019, Taylor filed another "Affidavit by Accusation and Criminal Complaint," once again seeking the initiation of criminal charges against his former wife. The trial court examined this filing and noted that it included essentially the same allegations and charges that the prosecutor's office had reviewed and declined to pursue. The only meaningful difference the trial court noted was that this filing included allegations related to misdemeanor falsification by Taylor's ex-wife. Relying largely on the doctrine of res judicata, the trial court declined to issue an arrest warrant or to refer the matter to the prosecutor's office for another investigation. The trial court found res judicata applicable "to the alleged offenses that have already been investigated and for which charges have been declined[.]" The trial court also found res judicata "likely" applicable to the newly alleged falsification charge. Finally, the trial court reasoned:

> The procedural history in this case forces the Court to conclude that
>
> Pierre Taylor is unwilling or unable to accept the results of the investigation
>
> undertaken by the Greene County Prosecuting Attorney. Even if the

---

[1] Taylor's first affidavit seeking the initiation of criminal charges against his ex-wife was filed in trial court case number 2018 MS 0020. We previously remanded the present appeal to the trial court to resolve a motion by Taylor to supplement the record. The trial court responded by supplementing the record to include all filings in case number 2018 MS 0020.

doctrine of res judicata did not apply, based on the investigation undertaken by the Greene County Prosecuting Attorney, this Court finds that the offenses alleged in Pierre Taylor's affidavit and complaint are not meritorious. Moreover, the procedural history of Pierre Taylor's previous attempt causes this Court to conclude that the affidavit and complaint filed in this case were not filed in good faith. Based on these findings, the Court is not required to issue a warrant or to refer the matter to the Greene County Prosecuting Attorney for investigation as to the felony offenses and therefore will not do so. R.C. 2935.10(A). Moreover, the Court is not required to issue a summons or warrant when misdemeanor offenses are alleged. R.C. 2935.10(B). Given this Court's findings, this Court declines to issue a summons or a warrant for the misdemeanor offenses alleged by Pierre Taylor.

For the foregoing reasons, this Court will not take action on Pierre Taylor's Affidavit by Accusation and Criminal Complaint filed on October 15, 2019.

(April 30, 2021 Judgment Entry at 5-6.)

## II. Analysis

{¶ 7} "A trial court's obligations with regard to citizen affidavits are defined by R.C. 2935.09 and 2935.10." *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12. "R.C. 2935.09(D) authorizes a private citizen 'who seeks to cause an arrest or prosecution' to 'file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by

the prosecuting attorney.' " *Id.* In turn, R.C. 2935.10 sets forth the applicable procedure after a citizen files a complaint. "If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) 'issue a warrant for the arrest of the person charged in the affidavit' or (2) 'refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant' if the judge 'has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious.' " *Id.* If the affidavit charges a misdemeanor, a reviewing judge may issue an arrest warrant or issue a summons for the subject of the affidavit to appear. R.C. 2935.10 does not provide for a referral to the prosecutor in the case of a misdemeanor allegation.

{¶ 8} Here, however, the trial court correctly held that res judicata precluded Taylor from seeking an arrest warrant or a referral based on the felony allegations against his ex-wife. The trial court previously had reviewed Taylor's allegations and had referred them to the prosecutor, who declined to prosecute. Res judicata bars Taylor from raising essentially the same allegations in successive affidavits to compel repeated reviews of the same matter by the trial court or a prosecutor.[2] *Westfall v. Plummer*, 5th Dist. Guernsey No. 07-CA-19, 2008-Ohio-2549, ¶ 17-18 (finding res judicata applicable where

---

[2] Parenthetically, we note that the present case is distinguishable from *In re Groves*, 2016-Ohio-4793, 68 N.E.3d 122 (4th Dist.). Although neither party has cited *Groves*, it involved the Fourth District's rejection of res judicata as grounds for a trial court's refusal to proceed on a citizen affidavit under R.C. 2935.09 and R.C. 2935.10. The Fourth District noted that res judicata might apply to the underlying factual allegations against a sheriff's deputy. Even if so, the appellate court reasoned that the doctrine did not relieve the trial court of its statutory obligation either to issue an arrest warrant or to refer the matter to the prosecutor. *Groves* did not involve a person raising the same allegations in successive affidavits to compel repeated reviews of the same matter by the trial court or a prosecutor. Here res judicata applies to Taylor's attempt to have the trial court or the prosecutor examine the issue of whether a criminal prosecution should be commenced against his ex-wife.

"appellant [had] pursued an action for criminal charges based upon the same facts in five different manners"); *State ex rel. A.N. v. Cuyahoga County Prosecuting Dept.*, 2020-Ohio-5628, 164 N.E.3d 526, ¶ 9 (8th Dist.) ("The issue of charging A.N.'s parents with criminal offenses, pursuant to R.C. 2935.09 and 2935.10, has already been litigated by the trial court, reviewed by the Prosecutor and the City, and reviewed on appeal. Thus, the doctrine of res judicata bars any further review of the issue of charging the parents of A.N. through R.C. 2935.09 and 2935.10."), affirmed without addressing res judicata, 165 Ohio St.3d 71, 2021-Ohio-2071, ¶ 12, fn. 2.

**{¶ 9}** As for Taylor's allegation regarding his ex-wife committing the misdemeanor offense of falsification, the trial court had discretion under R.C. 2935.10 to decline to issue a warrant or a summons, which were its only options. *State v. Fraley*, 2020-Ohio-3763, 156 N.E.3d 289, ¶ 14 (12th Dist.). Having reviewed Taylor's filings and the trial court's reasoning, we see no abuse of discretion in its failure to initiate prosecution.

**{¶ 10}** Finally, the State filed a July 8, 2021 motion asking us to take judicial notice of the Greene County Clerk of Courts public-records dockets in a number of prior cases involving Taylor. The State urges us to take judicial notice of these prior proceedings to aid in resolving the res-judicata issue. As noted above, however, we have found res judicata applicable based primarily on events that transpired in trial-court case number Greene C.P. No. 2018 MS 0020. Because we previously remanded to allow the trial court to supplement the record in this case with all filings in Case No. 2018 MS 0020, we overrule the State's judicial-notice motion. Supplementing the record made the materials in Case No. 2018 MS 0020 part of the actual record in this case. Therefore, "judicial notice" is unnecessary. To the extent that the State's motion addressed other trial-court

cases, we need not review them to find res judicata applicable here.

### III. Conclusion

**{¶ 11}** Taylor's assignment of error is overruled, and the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Marcy A. Vonderwell
Pierre R. Taylor
Christy Taylor
Hon. Adolfo A. Tornichio