[Cite as *In re Affidavit by Accusation*, 2021-Ohio-4502.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| IN RE: AFFIDAVIT BY ACCUSATION AND CRIMINAL COMPLAINT PURSUANT TO R.C. 2935.09, 2935.10 AND CRIMINAL RULE 3 | : : : : : : : : : : : | Appellate Case No. 2021-CA-22<br><br>Trial Court Case No. 2021-MS-0012<br><br>(Civil Appeal from Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

PIERRE R. TAYLOR, Inmate No. 742-659, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Pierre R. Taylor appeals from the trial court's June 2, 2021 judgment entry declining to act on his "Affidavit by Accusation Criminal Complaint," which sought the initiation of criminal charges against Detective Alan Kraker.

{¶ 2} In his sole assignment of error, Taylor contends the trial court erred, and violated his state and federal statutory and constitutional rights, by failing to issue a warrant for Kraker's arrest or to refer the matter to the county prosecutor for investigation.

{¶ 3} We see no error in the trial court's refusal to issue a warrant. The trial court acted within its discretion in finding that Taylor's allegations lacked merit and were not made in good faith. Nevertheless, the trial court remained obligated by R.C. 2935.10 to refer the felony allegations to the prosecutor's office. The trial court had no obligation, however, to take any action to initiate a misdemeanor prosecution or to refer misdemeanor allegations. Finally, we reject the State's argument that res judicata precluded Taylor from seeking to initiate the prosecution of Det. Kraker via affidavit. Accordingly, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded for further proceedings.

## I. Factual and Procedural Background

{¶ 4} A jury convicted Taylor in 2018 on charges including aggravated burglary, domestic violence, aggravated menacing, assault, and having a weapon while under disability. The convictions were based in part on the investigation and testimony of Det. Kraker. This court affirmed on direct appeal. *State v. Taylor*, 2d Dist. Greene No. 2018-CA-9, 2019-Ohio-142.

{¶ 5} Taylor subsequently filed multiple post-conviction motions. He also filed a

May 24, 2021 "Affidavit by Accusation Criminal Complaint" seeking to have criminal charges brought against Kraker for perjury, evidence tampering, obstructing justice, and falsification. Exercising its authority under R.C. 2935.09 and R.C. 2935.10, the trial court declined to issue an arrest warrant for Kraker. It also declined to refer the matter to the prosecutor's office. The trial court reasoned:

> This Court has undertaken a review of [Taylor's] Statement of Facts/Review of Information for Probable Cause Determination and finds that the offenses alleged in Pierre Taylor's affidavit and complaint are not meritorious. Moreover, the procedural history of Pierre Taylor's previous attempts at initiating the arrest of someone who testified at his criminal trial causes this Court to conclude that the affidavit and complaint filed in this case were not filed in good faith. Based on these findings, the Court is not required to issue a warrant or to refer the matter to the Greene County Prosecuting Attorney for investigation as to the felony offenses and therefore will not do so. R.C. 2935.10(A). Moreover, the Court is not required to issue a summons or a warrant when misdemeanor offenses are alleged. R.C. 2935.10(B). Given this Court's findings, this Court declines to issue a summons or a warrant for the misdemeanor falsification offense alleged by Pierre Taylor.

> For the foregoing reasons, this Court will not take action on Pierre Taylor's Affidavit by Accusation and Criminal Complaint filed on May 24, 2021.

(June 2, 2021 Judgment Entry at 2-3.)

## II. Analysis

{¶ 6} "A trial court's obligations with regard to citizen affidavits are defined by R.C. 2935.09 and 2935.10." *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12. "R.C. 2935.09(D) authorizes a private citizen 'who seeks to cause an arrest or prosecution' to 'file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney.' " *Id.* In turn, R.C. 2935.10 sets forth the applicable procedure after a citizen files a complaint. "If the citizen affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to do one of two things: (1) 'issue a warrant for the arrest of the person charged in the affidavit' or (2) 'refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant' if the judge 'has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious.' " *Id.* If the affidavit charges a misdemeanor, a reviewing judge may issue an arrest warrant or issue a summons for the subject of the affidavit to appear. R.C. 2935.10 does not provide for a referral to the prosecutor in the case of a misdemeanor allegation.

{¶ 7} Here the trial court reviewed Taylor's affidavit and supporting materials and concluded that his allegations against Det. Kraker were "not meritorious" and not made in "good faith." Based on that determination, the trial court declined to issue an arrest warrant and found no obligation to refer the matter to the prosecutor's office.

{¶ 8} On appeal, Taylor contends the trial court erred in refusing to act on his affidavit. He claims the trial court abused its discretion in failing to issue an arrest warrant or, at a minimum, to refer the matter to the prosecutor. For its part, the State argues that

Taylor previously had raised the same issues in other proceedings.[1] Therefore, the State asserts that res judicata applied and that the trial court properly precluded him from raising his allegations against Det. Kraker in an affidavit seeking criminal charges.

{¶ 9} Upon review, we find Taylor's assignment of error to be persuasive in part. Under R.C. 2935.10, the trial court had two options when presented with Taylor's affidavit alleging the commission of felonies by Det. Kraker: (1) issue an arrest warrant or (2) refer the matter to the prosecutor's office. The trial court's finding that Taylor's allegations lacked merit and were not made in good faith relieved it of an obligation to issue an arrest warrant. *See* R.C. 2935.10(A). In such a circumstance, the trial court remained obligated to refer the matter to the prosecutor's office, despite its own opinion about the merits of the allegations or its belief about a lack of good faith. *Nusbaum* at ¶ 12, quoting R.C. 2935.10(A).

{¶ 10} Although we see no abuse of discretion in the trial court's refusal to issue an arrest warrant, R.C. 2935.10(A) compels a finding that the trial court erred in failing to refer Taylor's felony allegations to the prosecutor's office for investigation. Contrary to the implication of the State's brief, the trial court did not address res judicata or find any preclusive effect here. In finding a lack of good faith on Taylor's part, the trial court simply noted that he had made "previous attempts at initiating the arrest of someone who had testified at his criminal trial[.]" This was a reference to Taylor's ex-wife, who had been the

---

[1] The State also argues its right to participate in the present appeal. In a July 22, 2021, Decision and Entry, however, we granted the State permission to intervene as an appellee. Therefore, we need not address the issue further.

subject of two prior affidavits seeking the initiation of criminal charges.[2]

{¶ 11} As for Det. Kraker, however, there was no prior affidavit by Taylor seeking the initiation of a criminal action. Res judicata potentially could have a preclusive effect on some of Taylor's underlying factual allegations about the detective's conduct. *State v. Burns*, 2d Dist. Montgomery No. 28109, 2019-Ohio-1141, ¶ 19, quoting *In re Groves*, 2016-Ohio-4793, 68 N.E.3d 122, ¶ 10 (4th Dist.). But where no prior affidavit under R.C. 2935.09 has been filed concerning the detective, res judicata does not relieve the trial court of its obligation under R.C. 2935.10 either to issue an arrest warrant or to make a referral. *Compare Westfall v. Plummer*, 5th Dist. Guernsey No. 07-CA-19, 2008-Ohio-2549, ¶ 17-18 (finding res judicata applicable where "appellant [had] pursued an action for criminal charges based upon the same facts in five different manners").

{¶ 12} As for Taylor's allegation regarding Det. Kraker committing the misdemeanor offense of falsification, the trial court possessed discretion under R.C. 2935.10 to decline to issue a warrant or a summons, which were its only options. *State v. Fraley*, 2020-Ohio-3763, 156 N.E.3d 289, ¶ 14 (12th Dist.). Having reviewed Taylor's filings and the trial court's reasoning, we see no abuse of discretion in its failure to initiate a misdemeanor prosecution or issue a summons.

{¶ 13} Finally, the State filed a July 8, 2021 motion seeking judicial notice of several other proceedings involving Taylor. The State requests judicial notice of these proceedings to support a res-judicata argument. As noted above, however, we have

---

[2] We previously remanded the present appeal to the trial court to resolve a motion by Taylor to supplement the record. The trial court responded by supplementing the record to include all filings in two prior cases in which Taylor filed affidavits seeking the initiation of criminal charges against his wife.

found res judicata inapplicable primarily because this case represents Taylor's first attempt to initiate criminal charges against Det. Kraker via affidavit. Under these circumstances, the trial court was obligated by R.C. 2935.09 and R.C. 2935.10 to issue a warrant or to refer the matter to the prosecutor's office. This remains true even if issue preclusion ultimately might impact some of Taylor's underlying factual allegations about the detective's conduct. For this reason, we see no need to take judicial notice of any other cases involving Taylor. Accordingly, the State's motion for judicial notice is overruled.

## III. Conclusion

{¶ 14} The trial court's judgment is affirmed in part and reversed in part. The judgment is affirmed insofar as the trial court declined to issue a warrant for Det. Kraker's arrest and declined to act on misdemeanor allegations about falsification. The judgment is reversed insofar as the trial court refused to refer the felony allegations in Taylor's affidavit to the prosecutor's office for investigation. Finally, the case is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Marcy A. Vonderwell
Pierre R. Taylor
Alan Kraker
Hon. Adolfo A. Tornichio