**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Affidavit of Helms*, Slip Opinion No. 2022-Ohio-293.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-293

IN RE AFFIDAVIT OF HELMS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Affidavit of Helms*, Slip Opinion No. 2022-Ohio-293.]**

*Private-citizen affidavits—R.C. 2935.09—Court of appeals' dismissal of affidavit for lack of jurisdiction affirmed.*

(No. 2021-0645—Submitted October 26, 2021—Decided February 8, 2022.)

APPEAL from the Court of Appeals for Summit County, No. 29947.

_____

**Per Curiam.**

{¶ 1} Appellant, Joel Helms, appeals the judgment of the Ninth District Court of Appeals dismissing his private-citizen affidavit seeking the arrest of appellee Beth Diefendorf. We affirm.

**I. BACKGROUND**

{¶ 2} On March 26, 2021, Helms filed an "affidavit complaint" in the court of appeals pursuant to R.C. 2935.09. In the affidavit, Helms accused Diefendorf, an Akron municipal employee, of grand theft, a fourth-degree felony. The accusation

arose from a condemnation proceeding against real property owned by John Helms. On March 29, 2021, Helms (i.e., appellant) filed an amended affidavit.

{¶ 3} On March 29, the court of appeals sua sponte dismissed the affidavit. Helms appealed.

## II. ANALYSIS

{¶ 4} R.C. 2935.09 provides various procedures for using an affidavit to cause the arrest and criminal prosecution of a person. R.C. 2935.09(D) authorizes a private citizen to file an affidavit charging an offense "with the clerk of *a court of record.*" (Emphasis added.) If the affidavit alleges a felony, unless the judge, clerk, or magistrate has reason to believe that the affidavit was not filed in good faith or lacks merit, he or she must issue a warrant for the arrest of the person identified in the affidavit or refer the matter to the prosecuting attorney for investigation. R.C. 2935.10(A); *see also State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12 (discussing a "trial court's obligations" with regard to citizen affidavits). The court of appeals dismissed Helms's affidavit because, it held, it is not a court of record under R.C. 2935.09.

{¶ 5} R.C. 2935.09 does not define the term "court of record." However, Helms demonstrates that elsewhere in the Revised Code, the term is used in ways that suggest it includes the courts of appeals. He cites R.C. 109.57, which sets forth the duties of the superintendent of the Bureau of Criminal Identification and Investigation. R.C. 109.57(A)(2) requires a weekly report to the superintendent from "[e]very clerk of a court of record in this state, other than the supreme court or a court of appeals." Helms argues that the General Assembly would not have expressly exempted those courts if they were not courts of record.

{¶ 6} The problem, which Diefendorf's brief recognizes, is that to construe the term "court of record" in R.C. 2935.09(D) as including the courts of appeals would render the statute unconstitutional. The Ohio Constitution vests the courts of appeals with original jurisdiction over five writs: quo warranto, mandamus, habeas

corpus, prohibition, and procedendo. Ohio Constitution, Article IV, Section 3(B)(1). In addition, the courts of appeals have original jurisdiction over "any cause on review as may be necessary to its complete determination." Ohio Constitution, Article IV, Section 3(B)(1)(f). The courts of appeals are courts of limited jurisdiction; they lack jurisdiction to entertain original actions that seek other forms of relief. *See, e.g.*, *State v. Jones*, 71 Ohio St.3d 293, 296, 643 N.E.2d 547 (1994) (holding that a motion for a new trial is "not one of the causes of action specifically mentioned in Section 3" and that court of appeals therefore lacked jurisdiction to hear the motion); *Arnoff v. State*, 9th Dist. Lorain No. 20CA011681, 2021-Ohio-883, ¶ 6 (holding that court of appeals lacked original jurisdiction to consider a complaint for a writ of certiorari).

{¶ 7} When the jurisdiction of a particular court is constitutionally defined, the legislature cannot by statute restrict or enlarge that jurisdiction unless authorized to do so by the Constitution. *ProgressOhio.org, Inc. v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101, 953 N.E.2d 329, ¶ 3; *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 122, 296 N.E.2d 544 (1973) (holding that the Civil Rules and statutes cannot expand the Supreme Court's constitutional original jurisdiction).

{¶ 8} If a court of appeals qualified as a "court of record" within the meaning of R.C. 2935.09(D), then the statute would purport to grant the court jurisdiction over a cause of action that the Constitution does not authorize. However, "statutes must be construed in conformity with the Ohio and Unites States Constitutions if at all possible." *State v. Tanner*, 15 Ohio St.3d 1, 2, 472 N.E.2d 689 (1984). We therefore hold that the court of appeals correctly construed the statute and was correct to dismiss the affidavit for lack of jurisdiction.

### III. CONCLUSION

{¶ 9} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

————————————

Joel Helms, pro se.

Eve V. Belfance, Akron Director of Law, and John R. York and Kirsten L. Smith, Assistant Directors of Law, for appellee Beth Diefendorf.

————————————