[Cite as *State ex rel. Brown v. Walker*, 2022-Ohio-4680.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO EX REL.,
TERRY BROWN,

Relator,

v.

SHERIFF DETECTIVE,
STEVEN S. WALKER,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0030**

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Terry Brown*, *pro se*, Belmont Correctional Institution, 68518 Bannock Road, St. Clairsville, Ohio 43950, Relator and

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, *Atty. Krista R. Peddicord*, Assistant Prosecuting Attorney, 135 S. Market Street, Lisbon, Ohio 44432, for Respondent.

**Dated:** December 22, 2022

**PER CURIAM.**

**{¶1}** Relator Terry Brown has filed a petition for a writ of mandamus naming as Respondent, Sheriff Detective Steven S. Walker. Respondent participated in the investigation leading to Relator's conviction, following guilty pleas, for aggravated murder, aggravated robbery, abuse of a corpse, and tampering with evidence. Respondent has filed a motion to dismiss. Because Relator's petition does not comply with the mandatory requirements of R.C. 2969.25 and the court is without jurisdiction over the substance of Relator's petition, the court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Respondent is a government employee and Relator, incarcerated in the Belmont Correctional Institution, is a self-represented inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

**{¶3}** First, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Relator's petition contains no such affidavit.

**{¶4}** Second, Relator did not pay the cost deposit required by Loc.R. 2. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. He did not file an affidavit of waiver and an affidavit of indigency containing a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C).

**{¶5}** Turning to the petition itself, although titled as an action in mandamus, it is in substance a private citizen affidavit filed pursuant to R.C. 2935.09 and 2935.10 seeking to have this court issue a warrant for Respondent's arrest and prosecute him for a variety

of offenses Relator alleges Respondent committed in the course of the investigation and prosecution of Relator.

**{¶6}** R.C. 2935.09 provides various procedures for using an affidavit to cause the arrest and criminal prosecution of a person. R.C. 2935.09(D) authorizes a private citizen to file an affidavit charging an offense "with the clerk of *a court of record.*" (Emphasis added.) If the affidavit alleges a felony, unless the judge, clerk, or magistrate has reason to believe that the affidavit was not filed in good faith or lacks merit, he or she must issue a warrant for the arrest of the person identified in the affidavit or refer the matter to the prosecuting attorney for investigation. R.C. 2935.10(A); *see also State ex rel. Brown v. Nusbaum,* 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12 (discussing a "trial court's obligations" with regard to citizen affidavits). The Supreme Court of Ohio has specifically held that a court of appeals is not a court of record under R.C. 2935.09. *In re Affidavit of Helms*, 166 Ohio St.3d 548, 2022-Ohio-293, 188 N.E.3d 166, ¶ 8. Therefore, this court is without jurisdiction to consider Relator's citizen affidavit.

**{¶7}** Accordingly, in consideration of the foregoing and upon consideration of Respondent's motion to dismiss, IT IS ORDERED by the court that said motion be, and the same is hereby, GRANTED, the writ is DENIED, and this original action DISMISSED.

**{¶8}** IT IS FURTHER ORDERED by the court, pursuant to Civ.R. 58, that the Clerk of the Columbiana County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs taxed to Relator.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**
**This document constitutes a final judgment entry.**

Case No. 22 CO 0030