[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 237.]

THE STATE EX REL. LEYENDECKER, APPELLANT, *v*. DURO TEST CORP.;

CONRAD, ADMR., BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Leyendecker v. Duro Test Corp.*, 1999-Ohio-42.]

*Workers' compensation—Mandamus to compel Industrial Commission to reset claimant's full and average weekly wage—Denial of writ affirmed.*

(No. 98-1040—Submitted November 3, 1999—Decided December 1, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD08-1006.

_____

{¶ 1} Appellant-claimant, Stephen P. Leyendecker, was injured in an industrial accident while employed by Duro Test Corp. on August 18, 1993. After his workers' compensation claim was allowed, appellee Administrator of the Bureau of Workers' Compensation set claimant's full and average weekly wage at $44.60. The order stated, in highlighted language, that:

"Ohio law requires a 14-day appeal period. If either party disagrees with this decision, an appeal must be filed within 14 days of the receipt of this Order. If an appeal is filed, a formal hearing will be set with the Industrial Commission of Ohio. If a response is not received within 14 days, this decision is final."

{¶ 2} Claimant did not appeal.

{¶ 3} Over a year later, claimant moved appellee Industrial Commission of Ohio to reset his full and average weekly wage. The commission denied his motion.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his request. The court of appeals denied the writ, after finding that claimant had failed to pursue an adequate remedy at law.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A.*, and *James A. Whittaker*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees.

_____

**Per Curiam.**

{¶ 6} Mandamus will not issue where the relator has a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. For this reason, the failure to pursue an adequate administrative remedy bars mandamus relief. *State ex rel. Reeves v. Indus. Comm.* (1990), 53 Ohio St.3d 212, 559 N.E.2d 1311.

{¶ 7} Under R.C. 4123.511(B)(1), claimant could have appealed the bureau's order to a commission district hearing officer. The bureau's order, moreover, informed claimant, in highlighted language, of his right and responsibility to appeal if he was dissatisfied with the wage as set. Claimant chose not to appeal.

{¶ 8} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____