[Cite as *Spencer v. State*, 2020-Ohio-235.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THOMAS J. SPENCER | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
| Relator | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2020 CA 00002 |
| STATE OF OHIO, et al. | |
| Respondents | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2019 CR 00090 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | January 24, 2020 |


APPEARANCES:

For Relator

THOMAS J. SPENCER
PRO SE
NOBLE CORR. INSTITUTION
15708 McConnelsville Road
Caldwell, Ohio 43724

For Respondent

KYLE WITT
PROSECUTING ATTORNEY
239 West Main Street
Suite 101
Lancaster, Ohio 43130

*Wise, P. J.*

{¶1} This matter is before the Court upon Thomas J. Spencer's Writ of Mandamus. Along with his writ, Mr. Spencer also filed the following documents: "Cover Sheet;" "Request for Leave of Trial Court to Admit as Ex Parte Communication This Document;" and two documents titled, "Complaint, and Request of Review, to Be Submitted on, Courts Committee on Complaints and Policy Compliance." It appears Mr. Spencer's Writ of Mandamus pertains to a criminal case that is currently pending in the Fairfield County Court of Common Pleas under Case No. 2019 CR 00090.

{¶2} Although numerous deficiencies exist with Mr. Spencer's writ, the most glaring deficiencies that require sua sponte dismissal of his writ pertain to the caption. On the document titled "Writ of Mandamus," he captioned himself, individually, as "Plaintiff" and the State of Ohio as "Defendant." Mr. Spencer also included the Fairfield County Prosecutor, Kyle Witt, as a "Defendant." R.C. 2731.04 requires an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying.

{¶3} Also, under Civ.R. 10(A) the caption of a complaint must "include the names and addresses of all the parties." Mr. Spencer included no addresses for the parties identified in the caption of the documents and this failure alone also warrants sua sponte dismissal of the writ. *See Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶ 8.

{¶4} The Ohio Supreme Court held in *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962), the failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.

Further, "[a] court may sua sponte dismiss a petition for an extraordinary writ when it is improperly captioned." *State v. Henton*, 11th Dist. Ashtabula No. 2014-A-0045, 2014-Ohio-5311, ¶ 2, citing *Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272, ¶ 4.

{¶5}    The Writ of Mandamus under consideration here is improperly captioned because it is not on relation of Mr. Spencer and lacks addresses for the parties identified in the caption. For these reasons, we sua sponte dismiss Mr. Spencer's writ and his two Complaints.

{¶6}    WRIT AND COMPLAINTS DISMISSED.

{¶7}    COSTS TO RELATOR.

{¶8}    IT IS SO ORDERED.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.



JWW/d 0117