[Cite as *Thompson v. Ohio Bur. of Workers' Comp.*, 2026-Ohio-720.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Chesney Nicole Thompson, | : | |
| Relator, | : | |
| v. | : | No. 25AP-561 |
| Ohio Bureau of Workers' Compensation et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 3, 2026

**On brief:** *Chesney Nicole Thompson*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Natalie J. Tackett*, for respondent Ohio Bureau of Workers' Compensation.

**On brief:** *Dave Yost*, Attorney General, and *Anna Isupova*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LELAND, J.

{¶ 1} Relator, Chesney Nicole Thompson, has filed a petition for a writ of mandamus against respondents, Ohio Bureau of Workers' Compensation ("bureau") and the Industrial Commission of Ohio ("commission"). In her pro se petition, relator requests that this court order the commission and bureau to (1) pay her alleged "overdue compensation, penalties, and housing support totaling $1,403,256.80"; (2) order "restitution of unlawfully retained attorney fees . . . totaling $40,753.00"; "[c]ompel

reinstatement of . . . medical treatment . . . and reversal of fraudulent denials"; and (4) to award "such further relief as justice, equity, and divine reciprocity require." (Petition for Writ of Mandamus at 3.) Both the bureau and the commission have filed motions to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends the petition be dismissed sua sponte for failure to comply with the captioning requirement of R.C. 2731.04. Additionally, and alternatively, the magistrate recommends sua sponte dismissal of relator's petition on the ground it "fails to meet the standard for stating a claim in mandamus because she fails to allege in her petition the absence of an adequate remedy at law." (Appended Mag.'s Decision at ¶ 53.)

{¶ 3} Relator has filed eight pro se objections to the magistrate's decision, including the assertion (under Objection No. 1) that the magistrate erred by recommending dismissal "based on a captioning technicality." Relator raises additional objections titled: "OBJECTION TWO: ADEQUATE REMEDY"; "OBJECTION THREE: DEEMED APPROVAL"; "OBJECTION FOUR: VOID SETTLEMENT"; "OBJECTION FIVE: JUDICIAL ESTOPPEL"; "OBJECTION SIX: UNREBUTTED AFFIDAVITS"; "OBJECTION SEVEN: DUE PROCESS VIOLATIONS"; and "OBJECTION EIGHT: IRREPARABLE HARM."

{¶ 4} Under her first objection, relator challenges the magistrate's determination that this matter should be dismissed sua sponte for failure to comply with the captioning requirement of R.C. 2731.04. Relator argues that such caption errors "are waivable and not jurisdictional," and cites in support the Supreme Court of Ohio's decision in *Salemi v. Cleveland Metroparks*, 2016-Ohio-1192.

{¶ 5} The magistrate addressed the decision in *Salemi*, recognizing the Supreme Court "has previously allowed a petition for a writ of mandamus to proceed even where the petition failed to comply with the captioning requirement in R.C. 2731.04 because 'the requirements of that statute are not jurisdictional.' " (Appended Mag.'s Decision at ¶ 38, quoting *Salemi* at ¶ 15.) The magistrate noted, however, the Supreme Court more recently, in a merit decision without opinion, "sua sponte dismissed a mandamus complaint without

prejudice 'because the complaint was not filed in the name of the State on the relation of the person applying, in violation of R.C. 2731.04.' " (Appended Mag.'s Decision at ¶ 38, quoting *State ex rel. Harper v. Perlatti*, 2025-Ohio-1313, ¶ 15.) The magistrate also cited a recent decision of this court, *Wright v. Application for Relief from Disability*, 2025-Ohio-1425, ¶ 5-6 (10th Dist.), in which we held a trial court did not err in sua sponte dismissing a petitioner's mandamus complaint for failure to comply with the caption requirement of R.C. 2731.04.

{¶ 6} R.C. 2731.04 states in part as follows: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." In *Wright*, this court observed the "[f]ailure to comply with this requirement is grounds for dismissal of a mandamus complaint." *Id.* at ¶ 5, citing *Shoop v. State*, 2015-Ohio-2068, ¶ 10; *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34; *Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 2022-Ohio-24, ¶ 10 (10th Dist.).

{¶ 7} Other Ohio courts have similarly held that, while the requirements of R.C. 2731.04 are "not jurisdictional, . . . a court may dismiss the complaint for failure to comply with the provisions of R.C. 2731.04." *In re Collado*, 2020-Ohio-5337, ¶ 8 (8th Dist.), citing *Salemi*, 2016-Ohio-1192, at ¶ 15; *Shoop* at ¶ 10, citing *Blankenship* at ¶ 34. *See also Kenard v. Tucker*, 2005-Ohio-6834, ¶ 7 (2d Dist.), citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226 (1962) ("[f]ailure to properly caption an original action petition is grounds for denying the writ and dismissing the petition"); *Davis v. Lucas Cty. Prosecutor's Office*, 2002-Ohio-4657, ¶ 3 (6th Dist.) (sua sponte dismissing petition for failure to comply with R.C. 2731.04 where "petition presented to this court is not in the name of the state on the relation of Davis" and "[t]his deficiency alone is an adequate reason to deny the petition"); *Snype v. Enlow*, 2012-Ohio-1272, ¶ 4 (11th Dist.) ("[a] court may sua sponte dismiss a petition for an extraordinary writ when it is improperly captioned"); *Spencer v. State*, 2020-Ohio-235, ¶ 5 (5th Dist.) (sua sponte dismissing "improperly captioned" writ of mandamus).

{¶ 8} Here, as determined by the magistrate, relator failed to comply with the captioning requirement of R.C. 2731.04 by failing to bring her petition for writ of mandamus "in the name of the state on the relation of the person applying." Such deficiency, as also determined by the magistrate, is grounds for dismissal of a mandamus

complaint, and we agree with the magistrate's recommendation to sua sponte dismiss the petition on that basis. Accordingly, relator's first objection is not well-taken and is overruled.

{¶ 9} Under her second objection, relator challenges the magistrate's conclusion that relator "fails to allege in her petition the absence of an adequate remedy at law." (Appended Mag.'s Decision at ¶ 53.) However, based on our disposition of the first objection, finding sua sponte dismissal appropriate based on relator's failure to comply with the captioning requirement of R.C. 2731.04, we need not address the alternative basis for dismissal included in the magistrate's decision. Accordingly, relator's second objection is rendered moot. Similarly, we need not address relator's remaining objections, all of which address the merits of the mandamus petition, as they are also rendered moot.

{¶ 10} Following an independent review of this matter, we find the magistrate properly determined relator's petition is subject to sua sponte dismissal for failure to comply with R.C. 2731.04. Accordingly, we overrule relator's first objection, rendering relator's remaining objections moot. We therefore adopt the magistrate's findings of fact and conclusions of law as our own, except to the extent we decline to address the alternative basis for dismissal as raised in relator's second objection. In accordance with the magistrate's recommendation, we sua sponte dismiss relator's requested writ of mandamus. Finally, and in accordance with the further recommendation of the magistrate, all pending motions are rendered moot.

*Objections overruled in part and rendered moot in part;*
*writ of mandamus dismissed.*

DORRIAN and EDELSTEIN, JJ., concur.

--------------------------

# **APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Chesney Nicole Thompson, | : | |
| Relator, | : | |
| v. | : | No.  25AP-561 |
| Ohio Bureau of Workers' Compensation et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 11, 2025

---

*Chesney Nicole Thompson*, pro se.

*Dave Yost*, Attorney General, and *Natalie J. Tackett*, for respondent Ohio Bureau of Workers' Compensation.

*Dave Yost*, Attorney General, and *Anna Isupova*, for respondent Industrial Commission of Ohio.

---

IN MANDAMUS
ON MOTIONS

{¶ 11} Relator Chesney Nicole Thompson has filed a petition for a writ of mandamus against respondents Ohio Bureau of Workers' Compensation ("bureau") and the Industrial Commission of Ohio ("commission"). Thompson requests in her petition that this court (1) order the commission and the bureau  to pay Thompson allegedly overdue compensation, penalties, and housing support; (2) order restitution of allegedly unlawfully

retained attorney fees; (3) compel reinstatement of medical treatment and reverse allegedly fraudulent denials; and (4) award additional relief as required.

{¶ 12} Several motions are pending in this case, including motions to dismiss filed by both the bureau and the commission. For the following reasons, the magistrate recommends dismissing Thompson's petition sua sponte. In light of this, the magistrate recommends finding all pending motions to be moot.

## I. Findings of Fact

{¶ 13} 1. Thompson filed her petition for a writ of mandamus on July 7, 2025.

{¶ 14} 2. As reflected in the caption of the petition, Thompson did not bring her petition in the name of the state on her relation, as the person applying for relief in mandamus.

{¶ 15} 3. In her petition, Thompson alleges she has an active workers' compensation claim resulting from a workplace injury arising on November 24, 2021.

{¶ 16} 4. Thompson alleges that the commission and bureau violated statutory and administrative obligations by (1) denying medical necessity for cervical disc herniation without physician examination in violation of Adm.Code 4734-5-01; (2) denying a request for cervical herniation treatment without physician review in violation of Adm.Code 4734-5-01; (3) withholding overpayment deductions without hearing or valid order; (4) allowing legal representatives to "extract over $30,000 in fees and disburse $10,753 to Oasis Financial without consent or verified debt"; (5) ignoring Thompson's "right to housing support under [R.C.] 4123.66(B) despite 763+ days of displacement"; (6) denying remote hearing access and refusing to process C-9 medical approvals and IC-12 filings; (7) failing to "honor Final Notice of Default and statutory cure period provided under [R.C.] 4123.511(J)"; and (8) failing to inform Thompson of "[t]ravel reimbursement rights under OAC 4123.66(B)." (Petition at 2.)

{¶ 17} 5. Thompson asserts in her petition that there exists a legal basis for relief under R.C. 4123.511(J) because she is allegedly "entitled to automatic award of compensation when no timely order is issued after a medical request" and "[r]espondents failed to issue such orders following multiple C-9 filings and TTD requests." (Petition at 2.) Thompson further asserts that under R.C. 4123.52(F) "penalties accrue at $150 per day when compensation is improperly delayed" and alleges that her benefits "have been

wrongfully suspended for over 2 years." *Id*. Thompson also alleges that the "acts and omissions" of the bureau and commission "further constitute due process and equal protection violations under the Ohio Constitution and 42 U.S.C. []1983." *Id*.

{¶ 18} 6. In her prayer for relief, Thompson demands that this court: (1) "Issue a Writ of Mandamus directing Respondents to pay Relator the full amount of overdue compensation, penalties, and housing support totaling $1,403,256.80"; (2) "Order restitution of unlawfully retained attorney fees and Oasis disbursement totaling $40,753.00"; (3) "Compel reinstatement of all medical treatment under ICD M50.221 and reversal of fraudulent denials"; and (4) "Award such further relief as justice, equity, and divine reciprocity require." (Petition at 3.)

{¶ 19} 7. Following her prayer for relief, Thompson asserts a "statutory bad faith violation" under R.C. 4123.511(J) on the basis that the bureau and the commission allegedly "unreasonably delayed or denied compensation without lawful justification." (Petition at 3.) Thompson alleges that the "claim status was misrepresented as 'settled.' " *Id*. As a direct result of allegedly "arbitrary and bad faith conduct" of the bureau and the commission, Thompson "demands application of the statutory 50% penalty under [R.C.] 4123.511(J), totaling $774,832.57 as calculated across all wrongfully denied compensation categories." (Petition at 3.)

{¶ 20} 8. A number of documents or exhibits are attached to Thompson's petition. Among the documents is an "addendum to declaration of harm and claim for restitution" and an "addendum to amended writ of mandamus." (Petition at 6-7.) Attached as an exhibit to the petition is a June 24, 2024 letter purportedly sent from the bureau to Thompson. The letter references the same claim number included by Thompson in her petition in this mandamus action in addition to a case from the Stark County Common Pleas Court. In the letter, it is stated that "[u]nder a settlement agreement between the parties to resolve a court action," the claim was "settled" for a certain amount minus an another amount for overpayment. *Id*. at 32. The letter contains the following statement: "Consistent with the terms of the settlement agreement, this settlement is a full and final resolution of any and all claims, past, present and future, arising out of this claim(s)." *Id*.

{¶ 21} 9. On July 7, 2025, alongside Thompson's petition for writ of mandamus, Thompson filed a number of affidavits or other documents, which included, among

others, the following: an "affidavit of administrative violations and demand for equitable relief"; a "declaration of harm and claim for restitution"; an "affidavit of attorney coercion"; a "notice of duress and coercion"; an "emergency notice of immediate hardship and relief demand"; an "affidavit of unlawful withholding"; an "affidavit of TTD fraud and medical denial"; a "declaration of why this happened"; a "statement of moral injury"; a "formal rebuttal to denial recommendation & emergency request for remote hearing access"; an "affidavit of homelessness and restitution claim"; "affidavit of bad faith and penalty demand"; an "affidavit of attorney fee clawback"; an "affidavit of administrative retaliation & suppression of evidence"; an "affidavit of wage theft & underpayment"; an "affidavit of medical fabrication and diagnostic fraud"; a "notice of dishonor and estoppel"; a "motion to enforce default judgment under OAC 4123-14-16" dated June 23, 2025 that was addressed to the commission; and an "affidavit of administrative default and criminal referral."

{¶ 22} 10. Also on July 7, 2025, Thompson filed a motion to waive filing fees and affidavit of indigency. This motion was provisionally granted by magistrate's order issued July 9, 2025.

{¶ 23} 11. The commission filed an answer on August 1, 2025.

{¶ 24} 12. The commission filed a motion to dismiss for lack of jurisdiction on August 4, 2025.

{¶ 25} 13. The bureau filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6) on August 7, 2025.

{¶ 26} 14. Thompson filed a "motion in opposition to respondents' motion to dismiss" on August 12, 2025. A number of other documents were attached to or accompanied this filing, including the following: a document captioned "IC-12 Motion to Vacate Settlement"; a "fee schedule enforcement summary"; a "UCC-1 financing statement addendum and lien ledger"; a "notice of administrative default and enforcement intent"; a "notice of systemic default, commercial acquiescence & final damages ledger — July 14, 2025"; an "addendum to petition for writ of mandamus" dated July 15, 2025, which also contained a "supplemental addendum - coerced settlement and unauthorized disbursement (IC12 Evidence)"; a "supplemental addendum"; a document purportedly representing a UCC financing statement; a document captioned "Addendum

II: Verified [Bureau] Statutory Liability - $16,453,110.37"; a document captioned "Addendum to UCC-1 Lien: Fee Schedule Expansion - July 28, 2025"; an "affidavit of proof of service"; an "affidavit of default, estoppel & denial of due process"; an "emergency motion to appear by video conference due to hardship"; an "affidavit of procedural suppression and representative retention fraud"; an "affidavit of continuing jurisdiction and fraudulent settlement"; an "enforcement summary" pertaining to a workers' compensation claim; another "motion in opposition to respondents' motion to dismiss"; a "certificate of service and completion of jurisdictional notice"; a "motion for leave to exceed page limit"; another "addendum to petition for writ of mandamus" dated July 17, 2025; a "supplemental declaration of non-receipt & attorney interference"; a "notice of opportunity to cure and rebut"; a "notice of systemic default and final demand for disbursement"; a document captioned "remedy activation suite — due process & jurisdictional violations"; an "affidavit of profit from pain and systemic harm by the state of Ohio"; and a document captioned "IC-12 Addendum B - Updated Affidavit of Fact and Legal Basis." (Thompson's Aug. 12, 2025 Mot. at 9-51.)

{¶ 27} In the "addendum to petition for writ of mandamus" dated July 15, 2025, Thompson requested this court immediately order the following relief: (1) "Judicial recognition of the full $16.45M ledger as enforceable and collectible debt"; (2) "Emergency seizure or lien upon [bureau] reserve funds totaling $27.9B to satisfy this debt"; (3) "Court order directing the Industrial Commission to schedule a hearing and process C-84 as deemed approved." (Sic passim.) (Thompson's Aug. 12, 2025 Mot. at 14.) In the "addendum to petition for writ of mandamus" dated July 17, 2025, Thompson requested the following relief: (1) "Judicial enforcement of the above ledger as enforceable debt"; (2) "An order for emergency seizure or lien of [bureau] reserve funds"; (3) "Immediate reversal of ex parte orders issued without hearing"; and (4) "Mandated adjudication of suppressed IC-12 and C-84 filings." (Thompson's Aug. 12, 2025 Mot. at 42.)

{¶ 28} 15. On August 19, 2025, Thompson filed an "emergency motion for interim disbursement pending final mandamus determination." Filed alongside or attached to this motion were a number of other documents including the following: a "notice of systemic default, commercial acquiescence & final damages ledger — July 14, 2025"; a

"UCC-1 financing statement addendum and lien ledger"; an "affidavit of obligation"; a document purportedly representing a request for temporary total compensation; a document captioned "remedy activation suite — due process & jurisdictional violations"; a fee schedule; a "retroactive fee schedule penalty addendum"; an "affidavit of proof of service"; and a "certificate of service and completion of jurisdictional notice." (Emphasis removed.) (Thompson's Aug. 19, 2025 Mot. at 3-16.)

{¶ 29} 16. On August 25, 2025, Thompson filed a number of documents including the following: an "emergency supplemental enforcement notice — deemed approval of C-84"; a "supplemental notice of urgency"; a "supplemental filing — TTD accrual summary with statutory penalties"; an "exhibit list — emergency supplemental enforcement notice" with several attachments; an updated enforceable damages ledger addendum; and a proposed order.

{¶ 30} 17. The bureau filed a reply in support of its motion to dismiss on August 26, 2025.

{¶ 31} 18. On August 28, 2025, the commission filed a response to Thompson's emergency motion for interim disbursement pending final mandamus determination.

{¶ 32} 19. On August 29, 2025, the bureau filed a motion to strike and a memorandum in opposition to Thompson's emergency motion for interim disbursement pending final mandamus determination and emergency supplemental enforcement notice — deemed approval of C-84.

{¶ 33} 20. On September 1, 2025, Thompson filed a motion for leave to file sur-reply accompanied by a sur-reply in opposition to respondents' filings and a motion for sanctions against the bureau's counsel of record.

{¶ 34} 21. On September 5, 2025, the commission filed a memorandum in opposition to Thompson's emergency supplemental enforcement notice — deemed approval of C-84.

{¶ 35} 22. On September 5, 2025, the bureau filed a memorandum in opposition to Thompson's motion for leave to file a sur-reply and a motion to strike Thompson's sur-reply and motion to strike.

{¶ 36} 23. On September 8, 2025, the commission filed a motion to strike Thompson's sur-reply.

{¶ 37}  24. On September 8, 2025, Thompson filed several documents including the following: a notice of filing; an emergency motion to enforce deemed approval of June 14, 2025 applications and proposed order; an emergency notice and motion regarding ongoing harm and irreparable damage; a memorandum in further support of motion for leave to file sur-reply and in opposition to respondents' motion to strike.

## II. Discussion and Conclusions of Law

{¶ 38}  Initially, it is noted that Thompson has failed to comply with one of the statutory requirements for a mandamus action because she failed to bring her petition for a writ of mandamus "in the name of the state on the relation of the person applying." R.C. 2731.04. The Supreme Court of Ohio has previously allowed a petition for a writ of mandamus to proceed even where the petition failed to comply with the captioning requirement in R.C. 2731.04 because "the requirements of that statute are not jurisdictional." *Salemi v. Cleveland Metroparks*, 2016-Ohio-1192, ¶ 15. *See State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 2018-Ohio-2168, ¶ 8. The court noted that it "consistently treats miscaptioning as a waivable defense." *Salemi* at ¶ 15. Recently, however, in a split merit decision issued without opinion, the Court sua sponte dismissed a mandamus complaint without prejudice "because the complaint was not filed in the name of the State on the relation of the person applying, in violation of R.C. 2731.04." *State ex rel. Harper v. Perlatti*, 2025-Ohio-1313. *See also Wright v. Application for Relief from Disability*, 2025-Ohio-1425, ¶ 6 (10th Dist.) (holding trial court did not err by sua sponte dismissing mandamus complaint because the petitioner did not file his petition for a writ of mandamus in the name of the state on his relation as required by R.C. 2731.04). Although the Court in *Harper* did not address *Salemi*, this more recent case seems to stand for the proposition that a court may dismiss a mandamus action sua sponte for failure to bring the petition in the name of the state on the relation of the person applying. Accordingly, consistent with *Harper*, Thompson's petition should be dismissed sua sponte for failure to comply with the captioning requirement of R.C. 2731.04.

{¶ 39}  Beyond the issue of compliance with R.C. 2731.04, both the commission and the bureau have filed motions to dismiss. The bureau has moved for dismissal for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Prior to filing its motion to dismiss, the commission filed its answer to Thompson's

petition. The commission listed several defenses in its answer, including that the petition fails to state a claim upon which relief can be granted and that this court lacks subject-matter jurisdiction over this cause of action. The commission did not specify under which rule it was bringing its motion to dismiss, but instead moved to dismiss this case for lack of jurisdiction. Though the commission had already filed its answer, "[i]t is well-settled that lack of subject-matter jurisdiction may be raised at any stage of the proceedings," including sua sponte. *In re Kerry Ford, Inc.*, 106 Ohio App.3d 643, 651 (10th Dist. 1995), citing *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238 (1976). *See* Civ.R. 12(H)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action."); *Total Office Prods. v. Dept. of Adm. Servs.*, 2006-Ohio-3313, ¶ 11 (10th Dist.). As a result, it is proper to consider the commission's motion to dismiss for lack of subject-matter jurisdiction.

## A. Standard of Review

### 1. Review of a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

{¶ 40} A court is required to grant a motion to dismiss pursuant to Civ.R. 12(B)(1) where the court lacks jurisdiction over the subject matter of the litigation. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). *See also* Civ.R. 12(H)(3). " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits.' " *State ex rel. Ohio Democratic Party v. Blackwell*, 2006-Ohio-5202, ¶ 8, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972), paragraph one of the syllabus. As subject-matter jurisdiction is a " 'condition precedent to the court's ability to hear the case,' " any decision issued in the absence of such jurisdiction is " 'void.' " *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). In ruling a motion to dismiss for lack of subject-matter jurisdiction, a court may consider evidence outside of the complaint. *Gipson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-226, ¶ 11 (10th Dist.), citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

### 2. Review of a Motion to Dismiss for Failure to State a Claim

{¶ 41} A motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint itself and any attached

documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, 65 Ohio St.3d 545, 548, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 42} "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 2009-Ohio-5976, ¶ 9 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 2020-Ohio-592, ¶ 11 (10th Dist.), citing *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 2022-Ohio-1181, ¶ 23 (10th Dist.), citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, ¶ 7 (10th Dist.).

**B. Mandamus**

{¶ 43} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue, Thompson must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal

duty on the part of the bureau or the commission to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19.

**C. Analysis**

{¶ 44} The bureau and the commission assert this court lacks subject-matter jurisdiction over Thompson's petition. The commission contends this court lacks jurisdiction because Thompson's allegations do not involve the extent of disability. The commission also contends that Thompson's petition "involves allegations of a denial of her right to participate, denial of vocational rehabilitation services, fraudulent inducement, duress, and other alleged violations by the commission and the NRS law firm, which are outside of the jurisdiction of this honorable Court." (Commission's Aug. 4, 2025 Mot. at 6.) Similarly, the bureau argues this court lacks jurisdiction over Thompson's claims for monetary damages, restitution, and reinstatement of her right to receive medical treatment in her workers' compensation claim. The bureau argues that Thompson is attempting to reopen her workers' compensation claim after she "voluntarily agreed to settle her claim in exchange for giving up all other claims she had or could have had in regard to this 2021 injury." (Bureau's Aug. 7, 2025 Mot. at 11.)

{¶ 45} First, a claimant's settlement of a workers' compensation claim does not necessarily mean that this court lacks subject-matter jurisdiction over an action in mandamus brought by the claimant regarding the settled claim. *See State ex rel. Wise v. Ryan*, 2008-Ohio-1740, ¶ 29. *Compare State ex rel. Parks v. Indus. Comm.*, 2004-Ohio-5534, ¶ 3-4 (finding commission's order issued after a settlement agreement that conclusively terminated claimant's ability to continue participating in the fund was appealable to the common pleas court). In *Wise*, the claimant signed a settlement agreement that was later approved by the bureau. Years later, the claimant moved to vacate the agreement. The claimant's motion was denied by a commission district hearing officer because the claimant had not established any of the prerequisites necessary to invoke the commission's continuing jurisdiction under R.C. 4123.52, the settlement satisfied the requirements of R.C. 4123.65, and the claimant was competent enough to understand the terms of the agreement at the time of signing. The claimant pursued administrative appeals until the motion was ultimately denied by the commission itself.

The claimant challenged the commission's denial by filing a mandamus action in this court, which denied the writ. On appeal, the Supreme Court of Ohio reversed this court's decision. Granting a writ of mandamus, the Court held that the commission "abused its discretion both in refusing to invoke continuing jurisdiction and in upholding the validity of a settlement agreement that did not satisfy R.C. 4123.65(A)." *Wise* at ¶ 29.

{¶ 46} As *Wise* demonstrates, mandamus may lie even where a claimant previously settled their workers' compensation claim. As a result, even if this court were to find the allegations in Thompson's petition and the attachments thereto reflect that Thompson settled her workers' compensation claim, this would not necessarily resolve the question of whether this court has jurisdiction over Thompson's petition for a writ of mandamus.

{¶ 47} Next, the bureau and the commission argue that this court does not possess jurisdiction over Thompson's claims because they do not involve the extent of disability, but rather are requests for monetary damages, restitution, or the right to participate. "The Ohio Constitution vests the courts of appeals with original jurisdiction over five writs: quo warranto, mandamus, habeas corpus, prohibition, and procedendo." *In re Affidavit of Helms*, 2022-Ohio-293, ¶ 6, citing Ohio Constitution, Article IV, Section 3(B)(1). "The courts of appeals are courts of limited jurisdiction; they lack jurisdiction to entertain original actions that seek other forms of relief." *Helms* at ¶ 6.

{¶ 48} Article IV, Section 3(B)(1) of the Ohio Constitution grants this court original jurisdiction in mandamus to order a responding party to fulfill a duty imposed by law. *See State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4947, ¶ 7 (10th Dist.). "While mandamus may not ordinarily be employed as a substitute for an action at law to recover money, . . . underlying public duties having their basis in law may be compelled by a writ of mandamus." *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 735 (1995). *See State ex rel. Maddox v. Village of Lincoln Hts.*, 2016-Ohio-5001, ¶ 10 (construing the jurisdiction of the Supreme Court of Ohio under its constitutional authority in mandamus to find that but it does not provide original jurisdiction to provide over the distribution of money payments in lieu of or in conjunction with a writ).

{¶ 49} Furthermore, as this court has recognized, "[n]ot every claim for monetary relief constitutes 'money damages.' " *Interim HealthCare of Columbus, Inc. v. State Dept. of Adm. Servs.*, 2008-Ohio-2286, ¶ 15 (10th Dist.). *See Ohio Academy of Nursing*

*Homes v. Ohio Dept. of Job & Family Servs.*, 2007-Ohio-2620, ¶ 18 (" 'Damages' are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which [the plaintiff] was entitled." (Citations and quotations omitted; emphasis in original.)) Under circumstances in which " 'a party seeks funds to which a statute allegedly entitles it, rather than money in compensation for the losses that the party will suffer or has suffered by virtue of the withholding of those funds, the nature of the relief sought is specific relief, not relief in the form of monetary damages.' " *State ex rel. Bowling v. DeWine*, 2021-Ohio-2902, ¶ 23 (10th Dist.), quoting *Ohio Hosp. Assn. v. Ohio Bureau of Workers' Comp.*, 2007-Ohio-1499, ¶ 29 (10th Dist.). To answer whether this court has jurisdiction through mandamus over Thompson's claims, it is necessary to determine the essence of the claim.

{¶ 50} Thompson requests—at least in part—reinstatement of medical treatment related to cervical disc herniation and reversal of unspecified, but allegedly fraudulent denials. Thompson refers to actions of the bureau and the commission "[d]enying medical necessity for cervical disc herniation" and denying "cervical herniation treatment." (Petition at 2.) Thompson alleges that these denials violate certain provisions of the Administrative Code. In this way, it appears that at least some of the relief requested by Thompson in her petition takes the form of a request to compel the bureau and the commission to perform an act or actions that they are allegedly required to perform by law. To the extent that Thompson is requesting this court issue a writ of mandamus ordering the bureau and the commission to perform their legally required duties, this court possesses jurisdiction under Article IV, Section 3(B)(1) of the Ohio Constitution. *See State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 2015-Ohio-435, ¶ 16 (9th Dist.) (finding trial court erred in concluding that it lacked subject matter jurisdiction to consider petition for a writ of mandamus where relator sought to have the respondent perform duties it alleged were required by law).

{¶ 51} The bureau and the commission both point out that some of Thompson's claims do not pertain to the extent of disability, but rather the allowance of a condition or the termination of the claim. Yet, these arguments do not pertain to this court's jurisdiction, but rather the availability of an adequate remedy at law. *See* R.C. 4123.512;

*State ex rel. Belle Tire Distribs. v. Indus. Comm. of Ohio*, 2018-Ohio-2122, ¶ 24 ("R.C. 4123.512 authorizes a claimant or an employer to appeal an order of the commission to a court of common pleas when the order grants or denies the right to participate in the workers' compensation system . . . . Once the right to participate for a specific condition is recognized, no subsequent rulings in the proceeding are appealable except one that terminates the right to participate."). For these reasons, the magistrate finds this court possesses subject-matter jurisdiction over Thompson's claim for relief in mandamus. As discussed below, however, even if this court possesses jurisdiction over Thompson's claim for relief in mandamus, that does not necessarily mean that Thompson has stated a claim upon which relief can be granted.

{¶ 52} In order to survive a motion to dismiss for failure to state a claim, the complaining party need not prove entitlement to a writ of mandamus. *See State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 37 (1995) (stating that "a plaintiff or relator is not required to prove his or her case at the pleading stage and need only give reasonable notice of the claim"). Rather, " '[a] complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Hanson*, 1992-Ohio-73, at ¶ 10, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979). *See generally Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 10, quoting Civ.R. 8(A) (stating that a party need only plead " 'a short and plain statement of the claim' " since "Ohio is a notice-pleading state").

{¶ 53} Thompson's petition fails to meet the standard for stating a claim in mandamus because she fails to allege in her petition the absence of an adequate remedy at law. Though Thompson makes passing references to various denials, it is unclear whether these denials were the result of an order of the bureau or the commission, let alone a final order from which no right of appeal exists at law. This matters because, under R.C. 4123.511, there exists a process for a claimant or employer to administratively appeal orders of the bureau or commission. Absent utilization of these appeals, a party has not exhausted available administrative remedies existing at law. *See State ex rel. Buckley v. Indus. Comm.*, 2003-Ohio-667, ¶ 3 (10th Dist.) (holding where the relator could have

appealed an order of the bureau to a commission hearing officer but did not, that the relator was not entitled to relief in mandamus based on "well-established" principle that "the failure to pursue an administrative remedy bars mandamus relief"); *State ex rel. Leyendecker v. Duro Test Corp.*, 1999-Ohio-42, ¶ 6-8. Additionally, under R.C. 4123.512, a claimant or employer has the right to appeal certain orders of the commission, other than a decision as to the extent of disability, to a common pleas court. *See Belle Tire* at ¶ 24. Thompson does not indicate the type of order or orders from the bureau or the commission that she is challenging, or otherwise indicate that she has exhausted available administrative remedies, such as administrative appeals.

{¶ 54} Leaving aside the fact that Thompson failed to identify the type of order she is challenging, Thompson fails to assert in even a conclusory fashion that she lacks an adequate remedy at law to challenge any of the various issues she lists in her petition. In an "affidavit of default, estoppel, & denial of due process," which was submitted together with Thompson's response to the motion to dismiss on August 12, 2025, Thompson states: "Respondent is judicially estopped from asserting that Relator has an 'adequate remedy at law' or that there is no 'clear legal right to relief,' when the administrative record proves continued denial of due process, suppression of emergency filings, and refusal to adjudicate claims lawfully presented." (Aug. 12, 2025 Aff. of Default at 1.) Thompson further states: "This affidavit supports the issuance of a writ of mandamus on the grounds that Relator has established a clear legal right, administrative remedy has been denied or obstructed, and no other adequate legal remedy exists. Respondents have defaulted by silence under UCC §1-308 and [R.C.] §1301.308 and may not now assert contrary positions." (Aug. 12, 2025 Aff. of Default at 2.) There is no support under these authorities for finding the bureau or the commission have "defaulted by silence" on the question of whether an adequate remedy at law exists. To state a claim in mandamus, it was Thompson's obligation to allege the lack of an adequate remedy at law with sufficient particularity that the bureau and the commission are given reasonable notice of the claims asserted. Thompson's petition does not contain such an allegation; nor has Thompson filed an amended complaint or petition.

{¶ 55} Therefore, because Thompson has failed to allege in the petition the lack of an adequate remedy at law at all, let alone with sufficient particularity that the bureau

and the commission are given reasonable notice of the claims asserted, Thompson's petition fails to state a claim and is subject to dismissal. *See Harris*, 74 Ohio St.3d at 38 (affirming the sua sponte dismissal of a "somewhat rambling complaint" for relief in mandamus where the relator alleged a clear legal right and a clear legal duty, but "failed to allege in even a conclusory manner the lack of a plain and adequate remedy in the ordinary course of law"); *State ex rel. Ullmann v. Hay*, 2004-Ohio-1275, ¶ 6 (10th Dist.) (dismissing mandamus complaint based in part on the fact that the "complaint fails to allege that relator lacks a plain and adequate remedy in the ordinary course of the law"). *See also Talwar v. State Med. Bd.*, 2004-Ohio-1301, ¶ 9 (10th Dist.) (denying writ of mandamus where the "complaint fails to allege relator has no adequate remedy in the ordinary course of law" and stating that the relator's "remedy would appear to be a civil action for damages"); *State ex rel. Berman Indus. v. Indus. Comm.*, 2005-Ohio-5083, ¶ 3, 30 (10th Dist.) (denying writ of mandamus where relator failed to raise issue first with the commission and failed to allege in its complaint that it lacked a plain and adequate remedy at law or that it had exhausted its administrative remedies).

{¶ 56} Beyond the failure to allege the absence of an adequate remedy at law, Thompson's petition contains a number of other deficiencies in its assertions of legal rights or duties. Thompson asserts the bureau and the commission "violated statutory and administrative obligations" in a number of ways that have no basis in law. (Petition at 2.)

{¶ 57} Thompson alleges that the bureau and the commission violated Adm. Code 4734-5-01 by "[d]enying medical necessity for cervical disc herniation (ICD M50.221) without physician examination" and by denying a "C-9 for cervical herniation treatment denied without MD review." *Id.* Adm.Code 4734-5-01 has nothing to do with denial of workers' compensation claims, but instead pertains to approvals of chiropractic degree programs by the state chiropractic board. Thompson asserts that the bureau and the commission ignored her "right to housing support" and failed "to inform [Thompson] of Travel reimbursement rights" under R.C. 4123.66(B). R.C. 4123.66(B) does not address housing support or travel reimbursement. Rather, R.C. 4123.66(B) provides the administrator of the bureau with authority to "adopt rules specifying the circumstances

under which the bureau may make immediate payment for the first fill of prescription drugs for medical conditions identified in an application for compensation or benefits."

{¶ 58} Thompson asserts that under R.C. 4123.511(J), she is "entitled to automatic award of compensation when no timely order is issued after a medical request." (Petition at 2.) Thompson also asserts that under R.C. 4123.511(J), "when a court finds the Administrator's or Employer's actions or omissions in denying compensation or benefits to be arbitrary, capricious, or made in bad faith, the Administrator or Employer shall pay the claimant an additional fifty percent (50%) of the compensation or benefits wrongfully denied." *Id.* at 3. R.C. 4123.511(J) says nothing of the sort. R.C. 4123.511(J) pertains to charging compensation or medical benefit payments "to an employer's experience immediately after the employer has exhausted the employer's administrative appeals as provided in this section or has waived the employer's right to an administrative appeal."

{¶ 59} Next, Thompson asserts that under R.C. 4123.52(F), "penalties accrue at $150 per day when compensation is improperly delayed." (Petition at 2.) R.C. 4123.52(F) provides no such penalties; rather, it provides: "This section does not deprive the commission of its continuing jurisdiction to determine the questions raised by any application for modification of award which has been filed with the commission after June 1, 1932, and prior to the expiration of the applicable period but in respect to which no award has been granted or denied during the applicable period."

{¶ 60} As these legal propositions are unsupported and conclusory, this court need not accept them in determining whether the petition states a claim upon which relief can be granted. *See Bullard*, 2021-Ohio-1505, at ¶ 11. Yet, given that Thompson has failed to allege the absence of an adequate remedy at law, it is not necessary to dismiss her claims on this basis or further address the remaining allegations in the petition.

**D. Conclusion**

{¶ 61} Thompson's petition should be dismissed sua sponte for failure to comply with the captioning requirement of R.C. 2731.04. *See Harper*, 2025-Ohio-1313. Additionally, Thompson fails to allege in her petition the absence of an adequate remedy at law. Under these circumstances, dismissal of the petition, even sua sponte, has been found to be appropriate. *See Harris*, 74 Ohio St.3d at 38. Accordingly, it is the decision and recommendation of the magistrate that Thompson's petition for a writ of mandamus

should be dismissed sua sponte. The magistrate also recommends finding all pending motions to be moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.