[Cite as *Gordon v. Brown*, 2026-Ohio-1828.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Lee Gordon, | : | |
| Relator, | : | |
| v. | : | No. 25AP-870 |
| Judge Kimberly Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Michael Lee Gordon*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, *Gareth A. Whaley*, and *Devin E. Bartlett*, for respondent.

IN MANDAMUS
ON REVIEW OF MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} On October 29, 2025 relator, Michael Lee Gordon, then an inmate at the Iowa State Penitentiary, filed a complaint in the instant mandamus action, and on November 24, 2025 respondent filed a motion to dismiss relator's complaint. Relator filed a reply to respondent's motion to dismiss on December 22, 2025, and respondent filed a motion to dismiss relator's second petition for writ of mandamus on December 30, 2025.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On March 5, 2026, the magistrate recommended that we dismiss relator's action sua sponte for failure to comply with the statutory requirements for a mandamus action under R.C. 2731.04 and dismiss the respondent's motion to dismiss as moot.

{¶ 3}    Relator has not filed any objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223, ¶ 32-33 (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 4}    As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, the cause is dismissed for failure to comply with R.C. 2731.04, and respondent's motion to dismiss is moot.

*Action dismissed*;
*motion to dismiss moot.*

MENTEL and EDELSTEIN, JJ., concur.

———————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Lee Gordon, | : | |
| Relator, | : | |
| v. | : | No. 25AP-870 |
| Judge Kimberly Brown, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 5, 2026

---

*Michael Lee Gordon*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, *Gareth A. Whaley*, and *Devin E. Bartlett*, for respondent.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5}   Petitioner Michael Lee Gordon requests a writ of mandamus ordering respondent Judge Kimberly Brown to rule on a pending motion for postconviction relief. Judge Brown has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the magistrate recommends that Gordon's mandamus action be dismissed sua sponte for failure to comply with the statutory requirements for a mandamus action under R.C. 2731.04.

**I. Findings of Fact**

{¶ 6}   1. Gordon filed his petition for a writ of mandamus on October 29, 2025.

{¶ 7}   2. Judge Brown filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on November 24, 2025.

{¶ 8}   3. Gordon filed an amended petition for writ of mandamus on December 16, 2025.[1]

{¶ 9}   4. Gordon did not bring either his original or amended petition in the name of the state on the relation of the person applying for the writ of mandamus.

{¶ 10} 5. As reflected in Gordon's petitions, Gordon is an inmate incarcerated at Iowa State Penitentiary in Fort Madison, Iowa.

{¶ 11} 6. In his amended petition, Gordon alleges that he filed a motion in case No. 01CR-3612 on September 16, 2025.[2] Gordon requests a writ of mandamus ordering Judge Brown to rule on the September 16, 2025 motion. Gordon also requests that Judge Brown be ordered to personally serve him with a copy of the ruling.

{¶ 12} 7. Judge Brown filed a motion to dismiss Gordon's amended petition pursuant to Civ.R. 12(B)(6) on December 30, 2025.

## II. Discussion and Conclusions of Law

{¶ 13} Gordon requests a writ of mandamus ordering Judge Brown to rule on a motion for postconviction relief and personally serve Gordon with a copy of the ruling. Judge Brown has asked that Gordon's petition be dismissed pursuant to Civ.R. 12(B)(6). Before considering the bases asserted in the motion to dismiss, it is necessary to address whether Gordon has complied with the statutory requirements for bringing a mandamus action.

{¶ 14} Under R.C. 2731.04, a petitioner seeking a writ of mandamus must, in part, file the petition "in the name of the state on the relation of the person applying." Ohio courts have held that "while the requirements of R.C. 2731.04 are 'not jurisdictional, . . . a court may dismiss the complaint for failure to comply with the provisions of R.C. 2731.04.' " *Thompson v. Ohio Bureau of Workers' Comp.*, 2026-Ohio-720, ¶ 7 (10th Dist.), quoting *In re Collado*, 2020-Ohio-5337, ¶ 8 (8th Dist.). *See also State ex rel. Harper v. Perlatti*, 2025-Ohio-1313. This court has held that a complainant's failure to comply with the captioning requirement of R.C. 2731.04 is grounds for a court to dismiss the mandamus complaint sua

---

[1] Gordon's December 16, 2025 pleading was labeled as a "Second Petition for a Writ of Mandamus." Consistent with Civ.R. 15(A), this pleading is considered as an amended petition.

[2] In his original petition, Gordon described the September 16, 2025 motion as a motion for postconviction relief pursuant to R.C. 2953.21 *State v. Gordon*, Franklin C.P. No. 01CR-3612. Gordon alleged that the State of Ohio responded to the petition on September 19, 2025 and Gordon filed a reply on October 8, 2025. These allegations are absent from the amended petition.

sponte. *Thompson* at ¶ 8. *See Wright v. Application for Relief from Disability*, 2025-Ohio-1425, ¶ 6 (10th Dist.) (holding trial court did not err by dismissing mandamus complaint sua sponte because the petitioner did not file his petition for a writ of mandamus in the name of the state on his relation as required by R.C. 2731.04).

{¶ 15} Here, Gordon did not bring either his first or amended petition for a writ of mandamus in the name of the state on the relation of the person applying. Accordingly, consistent with *Thompson* and *Wright*, it is the decision and recommendation of the magistrate that this Court should sua sponte dismiss Gordon's cause without prejudice for failure to comply with R.C. 2731.04. As a result, respondent's motion to dismiss is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.